## WALKER v. SAUVINET.

1. A trial by jury in suits at common law pending in the State courts is not a privilege or immunity of national citizenship which the States are forbidden by the Fourteenth Amendment of the Constitution of the United States to abridge.
2. Questions presented by the assignment of error cannot be considered here, unless the record shows that they were brought to the attention of the court below.

ERROR to the Supreme Court of the State of Louisiana.

This is an action brought by Sauvinet against Walker, a licensed keeper of a coffee-house in New Orleans, for refusing him refreshments when called for, on the ground that he was a man of color.

Art. 13 of the Constitution of Louisiana provides that "all persons shall enjoy equal rights and privileges upon any conveyance of a public character; and all places of business or of public resort, or for which a license is required by either state, parish, or municipal authority, shall be deemed places of a public character, and shall be open to the accommodation and patronage of all persons, without distinction or discrimination on account of race or color." On the 23d February, 1869, an act was passed by the general assembly of the State, entitled "An Act to enforce the thirteenth article of the Constitution of this State, and to regulate the licenses mentioned in said thirteenth article." Sect. 3 of this act is as follows: —

"SECT. 3. That all licenses hereafter granted by this State, and by all parishes and municipalities therein, to persons engaged in business, or keeping places of public resort, shall contain the express condition, that the place of business or public resort shall be open to the accommodation and patronage of all persons, without distinction or discrimination on account of race or color; and any

person who shall violate the condition of such license shall, on conviction thereof, be punished by forfeiture of his license, and his place of business or public resort shall be closed, and, moreover, [he] shall be liable at the suit of the person aggrieved to such damages as he shall sustain thereby, before any court of competent jurisdiction."

On the 27th February, 1871, another act was passed, entitled " An Act to regulate the mode of trying cases arising under the provisions of article thirteen (13) of the Constitution of Louisiana, or under any acts of the legislature to enforce the said article thirteen of the said Constitution, and to regulate the licenses therein mentioned."

Sects. 1 and 2 of this act are as follows: —

" SECTION 1. *Be it enacted by the Senate and House of Representatives of the State of Louisiana in general assembly convened,* That all cases brought for the purpose of vindicating, asserting, or maintaining the rights, privileges, and immunities guaranteed to all persons under the provisions of the article thirteen of the Constitution of Louisiana, or under the provisions of any acts of the legislature to enforce the said article thirteen, and to regulate the licenses therein mentioned, or for the purpose of recovering damages for the violation of said rights, privileges, and immunities, shall be tried by the court, or by a jury if any party to the suit prays for a trial by jury.

" SECT. 2. *Be it further enacted, &c.,* That if the jury do not agree, or fail to render a verdict, either for the plaintiff or defendant, the jury shall be discharged, and the case shall be immediately submitted to the judge upon the pleadings and evidence already on file, as if the case had been originally tried without the intervention of a jury; and it shall be the duty of the judge to decide the case at once, without any further proceedings, arguments, continuance, or delay; each party having the right to appeal to the Supreme Court in all cases where an appeal is allowed by law."

Walker in his answer denied all the allegations in the petition, and prayed for a trial by jury. The cause was thereupon tried by a jury, who failed to agree. This having been entered upon the minutes, Sauvinet, by his counsel, moved that the court proceed to decide the case under the provisions of sect. 2 of the act of 1871. To this Walker objected, alleging for cause that the act was unconstitutional, but without specifying

in what particular. Time was given counsel to file briefs upon the constitutional question; and at a later day, after consideration, a judgment was rendered against Walker for $1,000. That judgment was affirmed upon appeal to the Supreme Court of the State: whereupon Walker sued out this writ of error.

*Mr. C. W. Hornor* for the plaintiff in error.

The act of the legislature of Louisiana of Feb. 27, 1871, under which the proceedings in this case were had, abridges the privileges and immunities of citizens of the United States, and is, therefore, in violation of the Fourteenth Amendment of the Constitution. *Slaughter-House Cases*, 16 Wall. 72 *et seq.*; *Bartemeyer* v. *Iowa*, 18 id. 129.

*Mr. J. Q. A. Fellows, contra.*

MR. CHIEF JUSTICE WAITE, after stating the case, delivered the opinion of the court.

So far as we can discover from the record, the only Federal question decided by either one of the courts below was that which related to the right of Walker to demand a trial by jury, notwithstanding the provisions of the act of 1871 to the contrary. He insisted that he had a constitutional right to such a trial, and that the statute was void to the extent that it deprived him of this right.

All questions arising under the Constitution of the State alone are finally settled by the judgment below. We can consider only such as grow out of the Constitution of the United States. By art. 7 of the amendments, it is provided, that "in suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." This, as has been many times decided, relates only to trials in the courts of the United States. *Edwards* v. *Elliot*, 21 Wall. 557. The States, so far as this amendment is concerned, are left to regulate trials in their own courts in their own way. A trial by jury in suits at common law pending in the State courts is not, therefore, a privilege or immunity of national citizenship, which the States are forbidden by the Fourteenth Amendment to abridge. A State cannot deprive a person of his property without due process of law; but this does not necessarily imply that all trials in the

State courts affecting the property of persons must be by jury. This requirement of the Constitution is met if the trial is had according to the settled course of judicial proceedings. *Murray's Lessee* v. *Hoboken L. & I. Co.*, 18 How. 280. Due process of law is process due according to the law of the land. This process in the States is regulated by the law of the State. Our power over that law is only to determine whether it is in conflict with the supreme law of the land, — that is to say, with the Constitution and laws of the United States made in pursuance thereof, — or with any treaty made under the authority of the United States. Art. 6 Const. Here the State court has decided that the proceeding below was in accordance with the law of the State; and we do not find that to be contrary to the Constitution, or any law or treaty of the United States.

The other questions presented by the assignment of errors and argued here cannot be considered, as the record does not show that they were brought to the attention of either of the courts below. *Judgment affirmed.*

MR. JUSTICE FIELD and MR. JUSTICE CLIFFORD dissented from the opinion and judgment of the court.