WAGNER ELECTRIC MANUFACTURING COM-
PANY v. LYNDON ET AL.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES
FOR THE EASTERN DISTRICT OF MISSOURI.

No. 738. Motion to dismiss submitted April 30, 1923.—Decided
May 21, 1923.

1. Where the District Court dismissed a bill on the ground that the
   constitutional questions relied on were too unsubstantial to confer
   jurisdiction, without passing on defendant's further objection that
   the bill sought to enjoin proceedings 'n a state court contrary to
   Jud. Code, § 265, the only appeal allowed by law was to this Court
   under Jud. Code, § 238, on the ground that the sole issues involved
   were those involving the application or construction of the Con-
   stitution or the jurisdiction of the District Court. P. 230.
2. The Act of September 14, 1922, c. 305, 42 Stat. 837, providing that,
   if a case is taken, by appeal or writ of error, to the Circuit Court
   of Appeals, which should have been taken to this Court, the appeal
   or writ of error shall not for that reason be dismissed, but shall
   be transferred to the proper court and there be disposed of as if the
   appeal or writ of error had been properly taken, was applicable
   to a case in which the Circuit Court of Appeals had rendered a
   final decree of affirmance before the date of the act, but which
   remained pending before that court on a petition for rehearing.
   P. 230.
3. When a case from the District Court which should have been
   brought here directly was taken to the Circuit Court of Appeals,
   and then, by appeal from its decision, to this Court, and here
   submitted for decision on the merits, by a motion to dismiss or
   affirm and accompanying briefs, held, that it was not necessary to
   remand it to the Circuit Court of Appeals for transfer under the
   Act of September 14, 1922, supra, but that it might be treated as
   though it had been so transferred. P. 231.
4. The proposition that, in a collateral attack upon the validity of
   a judgment of a state court, a federal court can examine the
   evidence to see whether a direction by the court to a jury to find
   a verdict was justified by the evidence, is frivolous. P. 231.

5. The deprivation of a right of trial by jury in a state court does not deny the parties due process of law under the Federal Constitution. P. 232.

6. When the state constitution provides that a court shall consist of four judges and that a majority thereof shall constitute a quorum, and review by four judges is given, and an opinion is rendered by three of them, constituting the quorum, the mere fact that the fourth did not hear the oral argument but wrote the opinion on the printed arguments, is at most an irregularity which does not affect the validity of the judgment. P. 232.

7. Where the state constitution provided for a court in two divisions, and a case was disposed of by one of those divisions, and the losing party's motion to transfer the case to the court in banc, because a federal question was involved and it was therefore under the state constitution entitled to a hearing by the full court, was denied, and the propriety of the decision in the state court was questioned in the federal court on this ground, *held*, that the question of the right to the transfer was one of state law upon which the federal courts were bound to accept the decision of the state court. P. 232.

8. When the history of the case and the conduct of the appellant left no doubt that the litigation and successive appeals were prosecuted solely for delay and the case was dismissed by this Court for lack of jurisdiction because the grounds of appeal were frivolous, the appellee was awarded $1,500 as damages for delay, and costs, as upon an affirmance of the decree of the District Court. Rev. Stats., §§ 1010, 1012. P. 232.

Appeal to review 282 Fed. 219, dismissed.

APPEAL from a decree of the Circuit Court of Appeals affirming a decision of the District Court which dismissed the bill in a suit to hold a sheriff as trustee of money paid under an execution issued on a judgment of a state court, and to enjoin him from paying it to the judgment creditor, Lyndon, and the latter from receiving it.

*Mr. Charles A. Houts, Mr. Albert Blair* and *Mr. Thomas J. Cole* for appellant.

*Mr. Lawrence C. Kingsland, Mr. John D. Rippey* and *Mr. Clarence T. Case* for appellees.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

This is a motion to dismiss or affirm by the appellees in an appeal from the decree of the Circuit Court of Appeals of the Eighth Circuit.

The record discloses the following:

On May 10, 1917, the appellee Lamar Lyndon brought suit in the Circuit Court of the City of St. Louis, Missouri, against the appellant, the Wagner Electric Manufacturing Company, to recover royalties on a patent owned by Lyndon alleged to be due under a contract between the parties. A trial before a jury was had, in which evidence was introduced by both sides, and at the close of all the evidence, the court directed a verdict for the plaintiff, and judgment followed for $12,029.50. The Wagner Company appealed from this judgment to the Supreme Court of Missouri, where it was duly assigned for hearing in Division No. 1 of that court under a provision of the constitution of Missouri that the Supreme Court shall consist of seven judges and shall be divided into two divisions, one to consist of four judges known as Division No. 1, a majority thereof to constitute a quorum and its judgments as to causes and matters before it to have the force and effect of law. On January 21st, the appeal was argued before three of the judges of Division No. 1, and printed arguments were filed by both parties. Judgment was subsequently rendered by the four judges, the opinion being written and filed, with the concurrence of the other three judges, by Judge Woodson of the Division. Judge Woodson had not heard the oral argument. The Wagner Company filed a motion for rehearing and a motion to transfer the cause to the court *in banc,* which were denied.

The Wagner Company then applied to this Court for a writ of certiorari to review the judgment of the Mis-

souri Supreme Court, which was denied in April, 1921. *Wagner Electric Mfg. Co.* v. *Lyndon,* 256 U. S. 690. Thereafter on a mandate from the Supreme Court of Missouri, the State Circuit Court issued execution against the Wagner Company on the judgment. The sheriff made a levy on the real property of the Wagner Company, which filed a bill in the United States District Court for the Eastern District of Missouri, against Lyndon and the sheriff, seeking an injunction against their proceeding with the execution. Application for a preliminary injunction on this bill was denied by the District Court. The Wagner Company then paid the judgment and costs amounting to $15,015.29 to the sheriff, and at once brought the present bill in the United States District Court against Lyndon and the sheriff seeking to hold the sheriff as trustee in his custody of the fund, and to enjoin him from paying the money to Lyndon, and Lyndon from receiving it. The jurisdiction was asserted on the ground that the case was one arising under the Constitution of the United States. The District Court heard the case and dismissed the bill. The Wagner Company then appealed to the Circuit Court of Appeals which affirmed the decree of the District Court.

The grounds urged in behalf of the relief sought in the District Court, the Circuit Court of Appeals and this Court were, first, that the action of the Circuit Court of St. Louis in directing a verdict for plaintiff without evidence to warrant such action, deprived the defendant, the Wagner Company, of its property without due process of law and denied it the equal protection of the laws; second, that the action of Division No. 1 of the Missouri Supreme Court in hearing the case on appeal with three judges and allowing a fourth, who did not hear the oral argument, to take part in the decision and write the opinion, and the refusal of Division No. 1 of the Supreme Court of Missouri to transfer the cause to be heard by

the Supreme Court *in banc,* as required by the law of Missouri when a federal question is involved, deprived the Wagner Company of its property without due process of law and denied it the equal protection of the laws.

Defendant Lyndon moved to dismiss the complaint because the court was without jurisdiction, there being no substantial federal question and because the bill sought an injunction to stay proceedings in a state court contrary to § 265 of the Judicial Code. The District Court dismissed the bill on the first ground. No other questions were presented to the District Court. The only appeal from its decision allowed by law was, therefore, to this Court under § 238, on the ground that the sole issues involved were those involving the application or construction of the Constitution or the jurisdiction of the District Court. *American Sugar Refining Co.* v. *New Orleans,* 181 U. S. 277–281; *Huguley Mfg. Co.* v. *Galeton Cotton Mills,* 184 U. S. 290, 295; *Union & Planters' Bank* v. *Memphis,* 189 U. S. 71, 73; *Vicksburg* v. *Vicksburg Waterworks Co.,* 202 U. S. 453, 458; *Carolina Glass Co.* v. *South Carolina,* 240 U. S. 305, 318; *Raton Water Works Co.* v. *City of Raton,* 249 U. S. 552, 553. Such a case could not be taken to the Circuit Court of Appeals and, except for legislation enacted by Congress September 14, 1922, it would have been the duty of that court to dismiss it for want of jurisdiction.. Except for that legislation, it would now be our duty to reverse the decree of that court with direction to dismiss the appeal. *The Assessors* v. *Osbornes,* 9 Wall. 567, 575; *Mansfield, C. & L. M. Ry. Co.* v. *Swan,* 111 U. S. 379, 388–389; *Blacklock* v. *Small,* 127 U. S. 96, 105; *Union & Planters' Bank* v. *Memphis,* 189 U. S. 71, 73; *Carolina Glass Co.* v. *South Carolina,* 240 U. S. 305, 318; *The Carlo Poma,* 255 U. S. 219, 220–221.

The legislation of September 14, 1922, referred to (42 Stat. 837, c. 305), provides that if an appeal or writ of error has been or shall be taken to, or issued out of any

circuit court of appeals in a case wherein such appeal or writ of error should have been taken to, or issued out of, the Supreme Court, such appeal or writ of error shall not for such reason be dismissed, but shall be transferred to the proper court, where it shall be disposed of as if the appeal or writ of error had been properly taken.

The decree of affirmance in the Circuit Court of Appeals was entered on July 7, 1922, but a petition for rehearing was filed and that petition was not denied until September 18, 1922, or four days after the passage of the foregoing act. Before the decree of affirmance became finally the act of the Circuit Court of Appeals, this law came into force, and, however that may be, it is in force now to govern us in the direction which we, in reversing the decree of affirmance, should give to that court. That direction should be to transfer the case to this Court to which it should have been brought by direct appeal from the District Court under § 238 of the Judicial Code.

The case is here on an appeal allowed by a judge of the Circuit Court of Appeals. The case has been submitted to us on the motion to dismiss or affirm which is a hearing on the merits. All parties have filed briefs. Is it necessary for us to go through the idle form of remanding it to the Circuit Court of Appeals to enable that court to transfer it back to us for a second consideration? Certainly such unnecessary consumption of time and labor is not in the spirit of the Act of September 14, 1922. Having the case here, and having heard it on the merits, we think we may properly consider that done which ought to have been done, treat the case as here by appeal from the District Court, and dispose of it, as we would do if the Circuit Court of Appeals had formally transferred it to us.

The only grounds urged by the appellant for a reversal of the decree dismissing the bill of complaint are frivolous and without merit. The first involves the proposition that in a collateral attack upon the validity of a judgment

in a state court, a federal court can examine the evidence
to see whether a direction by the court to a jury to find a
verdict was justified by the evidence. This would be to
make such an attack serve the purpose of a writ of error.
More than this, even if it were held that the direction de-
prived the defendant of the right of trial by jury (a hold-
ing shown to be erroneous by *Treat Manufacturing Co.* v.
*Standard Steel & Iron Co.,* 157 U. S. 674), still the de-
privation of a right of trial by jury in a state court does
not deny the parties due process of law under the Federal
Constitution. *Walker* v. *Sauvinet,* 92 U. S. 90; *Missouri*
v. *Lewis,* 101 U. S. 22, 31; *Twining* v. *New Jersey,* 211
U. S. 78, 110, 111; *Minneapolis & St. Louis R. R. Co.* v.
*Bombolis,* 241 U. S. 211, 217. The second ground is
equally unsubstantial. The machinery for review of the
judgments of courts of first instance is wholly within the
control of the state legislature—*Missouri* v. *Lewis,* 101
U. S. 22, 30—and when the review by four judges is given,
and an opinion is rendered by three of them, constituting
the quorum, the mere fact that the fourth did not hear
the oral argument but wrote the opinion on the printed
arguments is at most an irregularity which does not in the
slightest degree affect the validity of the judgment. The
contention that Wagner was entitled under the Missouri
constitution to have the cause heard before a full court
because a federal question was involved, is wholly with-
out merit, because the question of the right to transfer
was a question of Missouri law upon which we are bound
to accept the decision of the Missouri courts. *Missouri*
v. *Lewis,* 101 U. S. 22.

We are asked by counsel for appellees to impose a
penalty on the appellant for delay. The history of the
case and the conduct of the Wagner Company leave no
doubt that the litigation in the federal jurisdiction and
the successive appeals have been prosecuted solely for
delay. Have we power to impose damages in this case?

Section 1010 of the Revised Statutes provides as follows:

" Sec. 1010. Where, upon a writ of error, judgment is affirmed in the Supreme Court or a circuit court, the court shall adjudge to the respondents in error just damages for his delay, and single or double costs, at its discretion."

Section 1012 has the effect to make § 1010 applicable to appeals in equity. The second paragraph of the 23rd Rule of this Court provides that:

" In all cases where a writ of error shall delay the proceedings on the judgment of the inferior court, and shall appear to have been sued out merely for delay, damages at a rate not exceeding 10 per cent., in addition to interest, shall be awarded upon the amount of the judgment."

The third paragraph is:

" The same rule shall be applied to decrees for the payment of money in cases in equity, unless otherwise ordered by this court."

An objection to allowing damages in the present case suggesting itself is that the decree appealed from was not a money judgment. It is true that this whole litigation in the federal jurisdiction has been initiated and carried on solely to secure the delay of the payment of a money judgment in the state court, but that is hardly within the exact terms of the 23rd Rule. Sections 1010 and 1012, Rev. Stats., are, however, not so restrictive and they give this Court power to impose just damages upon the affirmance of any judgment or decree, for delay. *Gibbs* v. *Diekma,* 131 U. S. Appendix clxxxvi.

The case should be dismissed for lack of jurisdiction because the grounds of appeal are frivolous. In a dismissal on this ground a penalty may be imposed just as if upon an affirmance. *Deming* v. *Carlisle Packing Co.,* 226 U. S. 102, 109.

We think that damages of $1,500 for delay are not excessive in this case. We, therefore, direct the dismissal

of the appeal with damages of $1,500 and the taxation of costs as upon an affirmance of the decree of the District Court.

*Dismissed.*