### In re PLYMOUTH RUBBER CO.

### ATHERTON et al. v. WOODWARD, BALDWIN & CO.

(Circuit Court of Appeals, First Circuit.    November 22, 1923.)

No. 1645.

Bankruptcy ⬦⟿339—Testimony of experts held competent to establish damages for breach of contract of sale.

In liquidation of a claim against a bankrupt estate for damages for breach of a contract by bankrupt for purchase of goods, the fact that in the claim the market value of the goods at the time of breach was alleged did not preclude claimant from showing their actual value by the testimony of experts.

Appeal from the District Court of the United States for the District of Massachusetts; Elisha H. Brewster, Judge.

In the matter of the Plymouth Rubber Company, bankrupt. Percy A. Atherton and others, trustees, appeal from an order allowing the claim of Woodward, Baldwin & Co. against the bankrupt estate. Affirmed.

Max E. Bernkopf, of Boston, Mass. (Abraham K. Cohen, of Boston, Mass., on the brief), for appellants.

Charles S. Hill, of Boston, Mass. (David Stoneman and Stoneman & Hill, of Boston, Mass., on the brief), for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

PER CURIAM. This is an appeal from a decree of the District Court for Massachusetts, affirming an order of the referee in bankruptcy allowing the claim of a creditor. The creditor (Woodward, Baldwin & Co.) filed its proof of claim for unliquidated damages arising from the breach of a contract to take, and pay for, a quantity of cotton cloth. At the hearing before the referee the contract, its breach, the quantity of cloth remaining to be delivered, and the contract price were admitted. The only question was as to the extent of the damage sustained.

In the proof of claim it was alleged, among other things, that the damage sustained amounted to $48,651.20, and, as disclosing the method by which the claimant arrived at this sum, it was further stated that, at the time the contract was broken, the market value of the goods was 9 cents a yard, and that the difference between the contract price of 29 cents and the market value constituted the $48,651.20. There was evidence that the goods, immediately after the breach of the con-

tract, were offered continuously for sale from that time until they were sold, and there is no contention that the price realized from the sale exceeded the 9 cents a yard, which was the sum employed by the referee and the District Judge in determining the claimant's damages.

The position of the trustees is that the only evidence introduced by the claimant as to the value of the goods was the opinion evidence of experts; that, while opinion evidence is competent as to actual value, it is not as to market value; and, as the claimant stated in its proof of claim that 9 cents represented the market value of the goods, it was confined to evidence relating to market value, and as it submitted none, it could recover only nominal damages.

But we do not regard claimant's right to damages as confined to evidence of market value rather than actual value; and if, as contended by the trustees, the evidence of the expert witnesses related to actual value, and not to the market value of the goods, we nevertheless regard it as a competent and sufficient basis for determining the damage which the claimant sustained.

Furthermore, we regard the question sought to be raised as wanting in merit and award damages to the claimant in the sum of $100, with double costs. Wagner Electric Co. v. Lyndon, 262 U. S. 226, 43 Sup. Ct. 589, 67 L. Ed. 961; rule 30, §§ 2, 3, C. C. A. First Circuit (150 Fed. xxxv, 79 C. C. A. xxxv).

The decree of the District Court is affirmed, with double costs and $100 damages to the appellee.