245 F.2d 522
 Elsa M. OLESEN, Plaintiff-Appellant.
v.
The TRUST COMPANY OF CHICAGO, as Trustee under Trust
Agreement dated March 23, 1945, and known as Trust
No. 4526; and A. Kamenjarin and
Lafayette Fisher, Defendants-Appellees.
 No. 12002.
 United States Court of Appeals Seventh Circuit.
 June 27, 1957.
Rehearing Denied July 22, 1957.
 
 David B. Perley, Chicago, Ill., for appellant.
 Sol A. Hoffman, Maurice L. Davis, Samuel R. Hassen, Chicago, Ill., Branko M. Steiner, Chicago, Ill., for appellees.
 Before DUFFY, Chief Judge, and LINDLEY, Circuit Judge.
 DUFFY, Chief Judge.
 
 
 1
 This matter comes before us upon a motion to dismiss the appeal upon the ground that jurisdiction is lacking.
 
 
 2
 Plaintiff filed a suit against defendants in the Superior Court of Cook County, Illinois. An amended complaint contained a count at law and a count in equity. On plaintiff's motion the equity count was referred to a Master in Chancery and plaintiff offered proofs before the Master.
 
 
 3
 The equity count asked cancellation of a note executed by plaintiff as part of an earnest money payment in a real estate transaction. The law count sought recovery of the cash portion of the earnest money payment. The Trust Company filed a counterclaim asking judgment upon the note.
 
 
 4
 The basis for the relief asked in both the law and equity counts and plaintiff's defense in the counterclaim, were all predicated upon the same allegation of fraudulent representations alleged to have been made by or upon behalf of defendants in inducing the making of the contract. In dismissing the equity count, the Court adjudged that no fraud existed.
 
 
 5
 In considering the law count and the counterclaim the Superior Court held that the determination of the equity count constituted an adjudication on the question of fraud and without taking further evidence, entered judgment dismissing the law count and awarding the Trust Company of Chicago, as Trustee, judgment against the plaintiff for the sum of $14,250.
 
 
 6
 Plaintiff sought to vacate the judgment urging that her right to a trial by jury had been denied in violation of Article II of the Illinois Constitution, S.H.A., and of the Seventh Amendment of the United States Constitution. The motion was denied.
 
 
 7
 Plaintiff appealed to the Supreme Court of Illinois which Court transferred the cause to the Illinois Appellate Court, First Division. The Appellate Court 4 Ill.App.2d 372, 124 N.E.2d 32, affirmed the Superior Court holding, among other things, that plaintiff was not deprived of the right to a jury trial as there were no issues of fact left for decision. The Court also held plaintiff was not deprived of any constitutional right. Plaintiff sued out a writ of error to the Supreme Court of Illinois and that Court dismissed the writ of error.
 
 
 8
 It is clear there is no federal question involved in the case at bar. The Seventh Amendment of the United States Constitution applies to trials in the United States Courts. Bute v. People of State of Illinois,333 U.S. 640, 657 (footnote), 68 S.Ct. 763, 92 L.Ed. 986. Trial by jury in civil actions in state courts may be modified by a state or abolished altogether. Walker v. Sauvinet, 92 U.S. 90, 23 L.Ed. 678; Maxwell v. Dow,176 U.S. 581, 20 S.Ct. 494, 44 L.Ed. 597; New York Central Railroad Company v. White, 243 U.S. 188, 208, 37 S.Ct. 247, 61 L.Ed. 667; Wagner Electric Manufacturing Company v. Lyndon, 262 U.S. 226, 232, 43 S.Ct. 589, 67 L.Ed. 961.
 
 
 9
 A denial of trial by jury in a state court is not a denial of due process of law under the Fourteenth Amendment. 'The Fourteenth Amendment neither implies that all trials must be by jury, nor guarantees any particular form or method of state procedure.' Hardware Dealers' Mutual Fire Insurance Company of Wisconsin v. Glidden Co., 284 U.S. 151, 158, 52 S.Ct. 69, 71, 76 L.Ed. 214.
 
 
 10
 Plaintiff insists she tried to dismiss her count in equity and that the refusal by the state court to permit her to do so deprived her of property without due process of law. We hold this contention to be entirely without merit.
 
 
 11
 Ordinarily we are reluctant to dismiss an appeal upon motion. Usually we take the motion to dismiss with the cause and consider same when the case is submitted on the merits, but in the case at bar, it would be an imposition upon the defendants to inflict the expenses incident to an appeal when it is so clear that nothing that could be presented upon the hearing of the cause could change the obvious fact that this is a case where no federal question is involved, and the Federal Courts should not interfere with the processes and procedures of the State Court.
 
 
 12
 The appeal is dismissed at plaintiff's costs.