Jury Trial — Can Be Restricted — Constitutional House Joint Resolution No. 559, 31st Legislature, 2nd Session, proposes an amendment to Article II, Section 19
Oklahoma Constitution, limiting the right to jury trial in civil cases to cases in excess of $100.00 and criminal cases involving punishment by fine only exceeding $100.00. Said amendment would be constitutional if enacted. (Passed in September election) The Attorney General has considered your letter of April 24, 1968, wherein you request an official opinion concerning the constitutionality of House Joint Resolution 559, Thirty-First Legislature, Second Session, in view of the Sixth and Seventh Amendments to the United States Constitution. The Resolution directs that a proposed amendment to Article II, Section 19 of the Oklahoma Constitution be submitted to the people. The proposed amendment provides in relevant part: "The right of trial by jury shall be and remain inviolate, except in civil cases wherein the amount in controversy does not exceed One Hundred Dollars ($ 100.00), or in criminal cases wherein punishment for the offense charged is by fine only, not exceeding One Hundred Dollars ($100.00). Provided however that the Legislature may provide for jury trial in cases involving lesser amounts. . . ." The guarantee of a jury trial contained in the United States constitution is a limitation solely on the power of the federal government. It does not prohibit the states from regulating or restricting the right to trial by jury in the state courts. In Lane v. Warden Maryland Penitentiary,320 F.2d 179, 185 (4th Cir., 1963) the court in construing the Sixth Amendment held: ". . . the Constitution does not demand the use of the jury trial in a state's criminal procedure." In Olesen v. The Trust Company of Chicago,245 F.2d 522,524 (7th Cir., 1957) the Court held: "TheSeventh Amendment of the United States Constitution applies to trial in the United States Courts citations omitted . Trial by jury in civil actions in state courts may be modified by a state or abolished altogether citations omitted . "A denial of trial by jury in a state court is not a denial of due process of law under theFourteenth Amendment. `The Fourteenth Amendment neither implies that all trials must be by jury, nor guarantees any particular form or method of state procedure'". The cases hold that the state may regulate or restrict the right to a jury trial in all actions and therefore it is the opinion of the Attorney General that proposed amendment is constitutional. (Gene Hoyt)