Joseph LETENDRE, Appellant,

v.

William C. FUGATE, in his official capacity as Judge of the Lee County General District Court; Sammie Mullins, in her official capacity as Clerk of the Lee County General District Court; Robert Chadwell, in his official capacity as Sheriff of Lee County; Hubert Marcum, Appellees.

Joseph LETENDRE, Appellee,

v.

William C. FUGATE, in his official capacity as Judge of the Lee County General District Court; Sammie Mullins, in her official capacity as Clerk of the Lee County General District Court, Appellants,

and

Robert Chadwell, in his official capacity as Sheriff of Lee County; Hubert Marcum, Defendants.

Nos. 82–1254, 82–1348.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 8, 1982.

Decided March 1, 1983.

Martin Wegbreit, Castlewood, Va. (Barbara A. Samuels, Hugh F. O'Donnell, Client Center Legal Services of Southwest Va., Inc., Castlewood, Va., on brief), for appellant in No. 82–1254 and appellee in No. 82–1348.

Linwood T. Wells, Jr., Asst. Atty. Gen., Richmond, Va. (Gerald L. Baliles, Atty. Gen. of Va., Richmond, Va., on brief), for appellees in No. 82–1254 and appellants in No. 82–1348.

Before RUSSELL and WIDENER, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.

WIDENER, Circuit Judge:

Joseph Letendre filed this civil suit under 42 U.S.C. § 1983 in the United States Dis-

trict Court for the Western District of Virginia against William C. Fugate, Judge of the General District Court for Lee County, Virginia; Sammie Mullins, Clerk of the General District Court for Lee County; Robert Chadwell, Sheriff of Lee County; and Hubert Marcum, his landlord. Letendre sought an injunction to prevent the issuance and execution of a writ of possession and a judgment for unlawful detainer brought against him by his landlord in the general district court of Lee County. He also sought a declaratory judgment that Va.Code § 8.01–129, providing for the posting of bond before appealing an adverse ruling of the general district court, violated the due process and equal protection clauses of the Fourteenth Amendment to the Constitution. We affirm the judgment of the district court denying Letendre's claims.

In 1981, Letendre and his family began renting a house in Lee County, Virginia from Hubert Marcum. The following year a dispute arose regarding the rent. Marcum filed an unlawful detainer action against Letendre in the general district court of Lee County, Virginia. The general district court is a court not of record in which a jury trial is not available. Marcum claimed that Letendre was two months' delinquent in his rent and that he had damaged the rental property. Following a trial in the general district court, Marcum was awarded possession and a judgment of $125 against Letendre. The $125 apparently was for rent for one month, for Mrs. Letendre later testified the rent was $125 per month. Letendre indicated his intention to appeal to the circuit court, and an appeal bond was set by the court at $1500 pursuant to Va. Code § 8.01–129. That bond was later reduced to $750, which would have been the $125 judgment plus five months' rent, Letendre remaining in possession of the premises. Letendre did not perfect that appeal by posting bond. Va.Code § 16.1–107.

It is the requirement of posting an appeal bond that is the basis of Letendre's federal

suit here. He claims that he was denied his right to appeal and have a jury hear his case because he was indigent and unable to post the necessary appeal bond.

Under Virginia law, Letendre's avenue of appeal from the general district court was to the circuit court pursuant to Va.Code § 8.01–129. That section provides in part that "when the appeal is taken by the defendant, he shall be required to give security also for all rent which has accrued and may accrue upon the premises, but for not more than one year's rent, and also for all damages that have accrued or may accrue from the unlawful use and occupation of the premises for a period not exceeding three months."

Letendre contends that the appeal bond requirement of § 8.01–129 violates the due process and equal protection clauses of the Fourteenth Amendment because the bond was required in any event and also because he was denied his right to a jury trial.[1] He also contends that the requirement of a bond to secure any rent accruing in the future is in violation of the due process clause.

■ The Seventh Amendment's right to trial by jury in the federal courts has not been extended to the States through the Fourteenth Amendment. *Olesen v. Trust Co. of Chicago,* 245 F.2d 522 (7th Cir.), cert. den. 355 U.S. 896, 78 S.Ct. 270, 2 L.Ed.2d 193 (1957). Therefore, a denial of a jury trial in a state proceeding does not violate the due process clause. E.g. *Wagner Co. v. Lyndon,* 262 U.S. 226, 232, 43 S.Ct. 589, 591, 67 L.Ed. 961 (1923); *Walker v. Sauvinet,* 92 U.S. 90, 23 L.Ed. 678 (1876). In view of these cases, we think the argument that the equal protection clause requires a jury trial in state court proceedings is also without merit.

In *Lindsey v. Normet,* 405 U.S. 56, 92 S.Ct. 862, 31 L.Ed.2d 36 (1972), the Supreme Court examined the bond requirements of Oregon's wrongful detainer statute. Under that Oregon law, an unsuccessful tenant

---

1. Under Virginia law, Letendre would have been entitled to a jury trial in an appeal of his case to the circuit court. Va.Code § 8.01–129.

defendant was required to post an appeal bond equal to twice the rental value of the premises from the commencement of the action until final judgment, in addition to the bond an ordinary appellant had to post. If the tenant lost the appeal, the landlord was automatically entitled to double the accrued rent without proof of actual damages.

The Court struck down the double bond requirement as violative of the Fourteenth Amendment equal protection clause because the additional bonding requirements bore no reasonable relationship to any valid state objective and because it arbitrarily discriminated against tenants who sought to appeal adverse wrongful detainer judgments. The Court went on to say that "[w]hile a State may properly take steps to insure that an appellant post adequate security before an appeal to preserve the property at issue, to guard a damage award already made, or to insure a landlord against loss of rent if the tenant remains in possession, the double-bond requirement here does not effectuate these purposes since it is unrelated to actual rent accrued or to specific damages sustained by the landlord." 405 U.S. at 77, 92 S.Ct. at 876.

The Virginia statutory requirement of an appeal bond for rent which has accrued and may accrue but not to exceed one year's rent is well within the language of *Lindsey* permitting a bond to guard a damage award already made or to insure a landlord against loss of rent if the tenant remains in possession.[2] As applied in our case, there was a judgment for $125 accrued rent and bond was required in the amount of $750, or five months' additional rent. Thus, the actual bond required in the case before us was also within the *Lindsey* limitations.

The Virginia statute does not require double bond as did the Oregon statute in the *Lindsey* case. Indeed, the Virginia statute, by limiting the bond to twelve months' rent, does not go as far as the language in *Lindsey* would permit. We are thus of opinion that the statute involved, Va.Code § 8.01–129, is not invalid.

Because the Virginia statute and the bond fixed in this case both fall within the acceptable limits under *Lindsey,* the judgment of the district court is

AFFIRMED.

---

**2.** Letendre sought to remain in possession throughout the proceeding in the state court, and did in fact remain in possession until the conclusion of this case in the district court.