1 F.3d 1246
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Gary Eugene KUKES, Plaintiff-Appellant,
v.
Coleman A. BLEASE, Defendant-Appellee.
 No. 91-16652.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 21, 1993.*
Decided Aug. 3, 1993.
 
 Before BROWNING, TANG and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gary Eugene Kukes, a California state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action as frivolous under 28 U.S.C. Sec. 1915(d). Kukes brought his section 1983 action against Coleman A. Blease, an Associate Justice of the California Court of Appeal. The district court found that Kukes' complaint was frivolous because Blease was entitled to judicial immunity and Kukes could not amend his complaint to cure the defects. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review for an abuse of discretion, Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992), and we affirm.
 
 
 3
 In forma pauperis complaints that are frivolous may be dismissed before service of process under 28 U.S.C. Sec. 1915(d). Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous "where it lacks an arguable basis in law or fact." Id. at 325.
 
 
 4
 "Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986). A judge is "subject to liability only when he has acted in the 'clear absence of all jurisdiction.' " Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). "The factors relevant in determining whether an act is judicial 'relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity.' " Ashelman, 793 F.2d at 1075 (quoting Stump ).
 
 
 5
 Kukes alleged that Blease "summarily denied, without comment or citation, [Kukes'] habeas corpus application." Kukes argues that Blease denied him due process of law by denying his state habeas corpus petition. Kukes' argument is premised on the notion that Blease, acting alone, denied Kukes' petition. Kukes argues that no single appellate judge may deny a habeas petition. Kukes requested "actual, compensatory, and punitive damages from [Blease] in the amount of two and one-half million dollars."
 
 
 6
 The district court found that Kukes' allegations "describe an act by a judge in his judicial capacity. [Blease] is therefore immune from liability." Because Blease was performing a judicial function when he reviewed Kukes' petition, we conclude that Blease is immune from damage liability. See Ashelman, 793 F.2d at 1075.
 
 
 7
 The district court also found that Kukes could not amend his complaint to allege a constitutional violation. We agree. Kukes argues that Blease exceeded his judicial authority when he denied Kukes' petition. Kukes argues that a three-judge panel must decide cases and that a single judge does not have the authority to deny a claim. The record, however, demonstrates that Kukes' habeas petition was denied by the court and the denial was signed by Blease, as Acting Presiding Justice. Any irregularity in the designation of the judges deciding his state appeal is a not due process violation. See Wagner Co. v. Lyndon, 262 U.S. 226, 232 (1923) (due process is not violated when appellate decision is rendered in a way that varies from process established by state law). Therefore, Kukes cannot establish a constitutional violation which would entitle him to relief.
 
 
 8
 Accordingly, the district court did not abuse its discretion in dismissing Kukes' complaint as frivolous.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3