**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KARELLEN STEPHENS and RENEE STEPHENS,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>MULTNOMAH COUNTY, by and through its Judicial Department; et al.,<br><br>Defendants-Appellees. | No.   12-35672<br><br>D.C. No. 3:12-cv-00171-MO<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, Chief Judge, Presiding

Submitted February 21, 2017[**]

Before:  GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.

Karellen and Renee Stephens appeal pro se the district court's judgment

dismissing their action under 42 U.S.C. §§ 1983, 1985(3), 1986, and state law,

alleging violations of the First, Seventh, Thirteenth, and Fourteenth Amendments

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and intentional infliction of severe emotional distress ("IIED") stemming from an incident involving burns that their daughter allegedly suffered. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (res judicata); *Gibson v. United States*, 781 F.2d 1334, 1337 (9th Cir. 1986) (failure to state a claim). We affirm.

The district court properly dismissed the claims against defendants Multnomah County, James M. Callahan, Callahan and Sheers PC, Scott Kocher, Richard Vangelisti, Vangelisti Kocher, LLP, and Judges Rees, Nelson, and Maurer because plaintiffs raised or could have raised the same claims against the same defendants in a prior action. *See Stewart*, 297 F.3d at 956 (res judicata bars litigation in a subsequent action of "'any claims that were raised or could have been raised' in a prior action" (emphasis and citation omitted)).

The district court properly dismissed the remaining claims under § 1983 because plaintiffs failed to allege facts showing that defendants deprived them of any constitutional right. *See Gibson*, 781 F.2d at 1338 (requirements of a claim under § 1983). Plaintiffs have not alleged facts showing that defendants retaliated against them for any protected speech, *see Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 900-01 (9th Cir. 2008) (requirements of a First Amendment retaliation claim); that they were denied their right to a jury trial, *see Walker v. Sauvinet*, 92

U.S. 90, 92 (1875) (Seventh Amendment jury right does not apply in state court); that their treatment by defendants could "be fairly characterized as a badge or incident of slavery," *City of Memphis v. Greene*, 451 U.S. 100, 126 (1981) (requirements of a Thirteenth Amendment claim); that defendants acted with an intent or purpose to discriminate against them based on their membership in a protected class, *see Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (requirements of an equal protection claim); or that they were unconstitutionally deprived of due process, *see Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (requirements of a due process claim).

The district court properly dismissed the remaining claims under §§ 1985(3) and 1986 because plaintiffs made only conclusory allegations in support of a conspiracy. *See Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1141 (9th Cir. 2000) (requirements of a claim under § 1985(3)); *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998) ("[C]onclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss."); *see also Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988) ("A claim can be stated under section 1986 only if the complaint contains a valid claim under section 1985.").

The district court properly dismissed plaintiffs' IIED claims because plaintiffs failed to allege facts showing that defendants intended to inflict severe emotional distress on them or that any act "'constituted an extraordinary transgression of the bounds of socially tolerable conduct.'" *McGanty v. Staudenraus*, 901 P.2d 841, 849 (Or. 1995) (citation omitted) (requirements of an IIED claim under Oregon law).

The district court did not abuse its discretion by entering a pre-filing review order because the court gave plaintiffs notice and an opportunity to be heard, developed an adequate record for review, made findings regarding their frivolous litigation history, and narrowly tailored the restrictions in the order. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1056-57 (9th Cir. 2007) (per curiam) (standard of review; factors to consider before imposing pre-filing restrictions).

The record does not support plaintiffs' contention that the district court was biased.

**AFFIRMED.**