PETITIONER APPEARING PRO SE:
**JOHN E. SPARRE**
Granger, IN

ATTORNEYS FOR RESPONDENT:
**THEODORE E. ROKITA**
ATTORNEY GENERAL OF INDIANA
**THOMAS L. MARTINDALE**
**JONATHAN D. ATWOOD**
DEPUTY ATTORNEYS GENERAL
Indianapolis, IN

# IN THE
# INDIANA TAX COURT

| | | |
|---|---|---|
| JOHN E. SPARRE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Cause No. 23T-TA-00018 |
| | ) | |
| ST. JOSEPH COUNTY ASSESSOR, | ) | |
| | ) | |
| Respondent. | ) | |

FILED
Aug 22 2024, 10:44 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

### ON APPEAL FROM A FINAL DETERMINATION OF
### THE INDIANA BOARD OF TAX REVIEW

**FOR PUBLICATION**
**August 22, 2024**

WENTWORTH, Senior Judge

John E. Sparre challenges the Indiana Board of Tax Review's final determination that left unchanged his 2019, 2020, and 2021 property tax assessments. The final determination concluded that Sparre's constitutional claims lacked merit and were unsupported by the evidence. Upon review, the Court affirms.

**FACTS AND PROCEDURAL HISTORY**

Sparre owns a single-story home in Granger, St. Joseph County, Indiana. (See Cert. Admin. R. at 1-2, 52.) The St. Joseph County Assessor valued Sparre's home at

$151,000 in 2019, $167,900 in 2020, and $186,000 in 2021. (See Cert. Admin. R. at 2, 55-56, 245.) Following each assessment, Sparre appealed to the St. Joseph County Property Tax Assessment Board of Appeals ("PTABOA"). (Cert. Admin. R. at 6-7, 14-15, 20-21.) After a single hearing for all three appeals, the PTABOA reduced Sparre's assessments to $130,000 for 2019 and 2020, and further lowered the 2021 assessment to $143,300. (See Cert. Admin. R. at 3-5, 11-13, 18-19.)

Notwithstanding the adjustments made by the PTABOA, Sparre appealed to the Indiana Board. (See Cert. Admin. R. at 1-2, 8-9, 16-17.) Although Sparre did not opt-in to the Indiana Board's small claims docket on his three Form 131 petitions, his appeals were heard under the Indiana Board's small claims procedures. (See Cert. Admin. R. at 1-2, 8-9, 16-17, 40-43.)

At the outset of the hearing, Sparre made two objections to the procedural rules of the Indiana Board. (See Cert. Admin. R. at 247.) Upon noting that no jury was present, Sparre objected to the Indiana Board's role as trier of fact because he believed the state and federal constitutions guaranteed him the right to a jury trial. (See Cert. Admin. R. at 247.) Additionally, Sparre objected to the small claims rule that limited the amount of time to present a case to twenty minutes. (See Cert. Admin. R. at 247.) Sparre ultimately was given sixty-minutes to present his case (20 minutes per year at issue), but renewed his objection, arguing that "in the interest of justice, time would be irrelevant." (See Cert. Admin. R. at 284-85.)

During the hearing, Sparre presented public assessment data and his own calculations regarding his property and twelve properties on the same street to reflect the assessed value per finished square foot for each property. (See Cert. Admin. R. at

2

45-139, 246-64.) He argued that this evidence demonstrated not only that his property had higher assessments per square foot than nearby properties, but also that his calculations exposed the general inequity of all property tax assessments. (See Cert. Admin. R. at 257-64.) In support of the assessments, the Assessor presented USPAP-compliant appraisals estimating the subject property's market-value-in-use was significantly higher than the assessments. (See Cert. Admin. R. at 156-67, 185-96, 214-25.)

The Indiana Board found that Sparre's constitutional arguments lacked merit and that he had failed to prove his property was incorrectly or unfairly assessed because he presented no probative, market-based evidence. (See Cert. Admin. R. at 238-41 ¶¶ 12-22.) Accordingly, the Indiana Board affirmed the PTABOA values. (See Cert. Admin. R. at 241 ¶ 23.)

On August 10, 2023, Sparre initiated this original tax appeal. Additional facts will be supplied as necessary.

## STANDARD OF REVIEW

The party seeking to reverse a final determination of the Indiana Board bears the burden of demonstrating its invalidity. Lowe's Home Ctrs., Inc. v. Monroe Cnty. Assessor, 160 N.E.3d 263, 268 (Ind. Tax Ct. 2020). Consequently, Sparre must demonstrate to the Court that the Indiana Board's final determination is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; in excess of or short of statutory jurisdiction, authority, or limitations; without observance of the procedure required by law; or unsupported by substantial or reliable evidence. See IND. CODE § 33-26-6-6(e)

3

(2024).

## DISCUSSION

Sparre asserts that the procedural rules governing the Indiana Board's small claims docket violated rights guaranteed to him by the United States Constitution, namely his Seventh Amendment right to trial by jury and his First Amendment right to freedom of speech. (See Pet'r Br. at 4-5.) He further claims that the entirety of Indiana's property taxation system violates his Fourteenth Amendment right to equal protection of the law because it results in an inequitable tax liability for property owners generally and his property in particular. (See Pet'r Br. at 4-5.)

### Seventh Amendment – Right to a Jury Trial

The Indiana Board is required by statute to review property tax appeals as the trier of fact. IND. CODE § 6-1.1-15-20(f) (2023). Sparre contends, however, that the Indiana Board violated his Seventh Amendment right to a trial by jury because an administrative law judge heard his property tax appeal as trier of fact rather than a jury. (See Pet'r Br. at 4.)

The Seventh Amendment states:

> In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.

U.S. CONST. amend. VII. Furthermore, the supremacy clause of the United States Constitution states that the "Constitution, and the laws of the United States . . . shall be the supreme Law of the Land[.]" Id. art. VI, cl. 2. Relying on these provisions, Sparre asserts that all proceedings in the United States, including Indiana Board small claims proceedings, are required to provide a jury as the trier of fact. (See Pet'r Br. at 4.)

4

Sparre's claim fails under the United States Supreme Court's long-held interpretation that the Seventh Amendment "relates only to trials in the courts of the United States. The States, so far as this amendment is concerned, are left to regulate trials in their own courts in their own way." Walker v. Sauvinet, 92 U.S. 90, 92 (1875) (citation omitted). See also Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 418 (1996) (stating that the Seventh Amendment governs proceedings in federal court, not in state court). Similarly, the Seventh Circuit Court of Appeals has held that the Seventh Amendment only "applies to trials in the United States Courts." Olesen v. Tr. Co. of Chicago, 245 F.2d 522, 524 (7th Cir. 1957) (citation omitted). Indiana's courts also have consistently recognized this interpretation. See e.g., Hayworth v. Bromwell, 158 N.E.2d 285, 286 (Ind. 1959) (rejecting a Seventh Amendment claim because the provision does not apply to state courts); State Line Elevator, Inc. v. State Bd. of Tax Comm'rs, 526 N.E.2d 753, 753-54 (Ind. Tax Ct. 1988), reconsidered on other grounds, 528 N.E.2d 501 (Ind. Tax Ct. 1988) (finding that a taxpayer does not have a federal constitutional right to a trial by jury in state statutory proceedings). Consequently, the Indiana Board did not violate Sparre's Seventh Amendment right to a jury trial because the Seventh Amendment does not apply to the Indiana Board's administrative proceedings or, for

5

that matter, to the Indiana Tax Court's proceedings.[1]

### First Amendment – Freedom of Speech

Sparre next contends that the Indiana Board's small claims rules violated his right to freedom of speech under the First Amendment of the United States Constitution because he could not present all the evidence regarding each year at issue within a single hour. (See Pet'r Br. at 5.) The First Amendment states:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

U.S. CONST. amend. I (emphases added). The guiding principle of the First Amendment's right to freedom of speech is that the "'government has no power to restrict expression because of its message, its ideas, its subject matter, or its content[.]'" McCullen v. Coakley, 573 U.S. 464, 477 (2014) (citation omitted). "[T]he government may impose[, however,] reasonable restrictions on the time, place, or manner of protected speech, provided the restrictions 'are justified without reference to the content of the regulated speech, that they are narrowly tailored to serve a significant governmental interest, and that they leave open ample alternative channels for

---

[1] Here, Sparre's claim is based on the United States Constitution, not Indiana's Constitution. The Indiana Constitution also provides the right to a jury trial, stating that "[i]n all civil cases, the right of trial by jury shall remain inviolate." IND. CONST. art. 1, § 20. Similar to the Seventh Amendment's scope, the right afforded by Article 1, Section 20 applies only to causes of action that were triable by jury at common law before 1852. See e.g., State Line Elevator, Inc. v. State Bd. of Tax Comm'rs, 526 N.E.2d 753, 753-54 (Ind. Tax Ct. 1988), reconsidered on other grounds, 528 N.E.2d 501 (Ind. Tax Ct. 1988); Ballard's Estate v. Ballard, 434 N.E.2d 136, 140 (Ind. Ct. App. 1982). "[S]tatutory proceeding[s] for [the] judicial review of the acts of municipal bodies relating to assessments" are not the civil proceedings covered by Article 1, Section 20. See Beautygard Mfg. Co. of Calumet Region v. Geeslin, 266 N.E.2d 61, 71 (Ind. App. 1971). Thus, Sparre would not have prevailed had he based his claim on the Indiana Constitution.

6

communication of the information.'" <u>Ward v. Rock Against Racism</u>, 491 U.S. 781, 791 (1989) (quoting <u>Clark v. Cmty. for Creative Non–Violence</u>, 468 U.S. 288, 293 (1984)).

Sparre did not present any evidence or argument that developed a compelling claim that the small claims time limitation violated his right to free speech. (<u>See</u> Pet'r Br.) The facts are the nemesis of this claim because Sparre had ample opportunity to opt-out of the more restrictive small claim time limits, but did not, weakening any argument that the time limitation was unreasonable. Also, Sparre failed to introduce salient evidence in support of his freedom of speech claim such as showing that the time limits were not content-neutral, that they were overly broad, not narrowly tailored to serve a significant government interest, or that they closed alternative channels for communication. (<u>See</u> Pet'r Br.)

Instead, Sparre's argument is, in its entirety, as follows:

> I, Mr. Sparre say also that m[y] first amendment right to freedom of speech was violated by the dictates of man the [Indiana Board's] rules limiting my time to cover all [the] evidence for each year in question. Defense [] or offense <u>should both be given adequate time to present each one's case.</u>

(Pet'r Br. at 5 (emphasis added).) Sparre's argument is not an assertion that the time limit was unreasonable, but is merely a complaint that he was not given enough time to present all his evidence and arguments.[2] Thus, by not presenting substantial and reliable evidence, Sparre's freedom of speech claim fails.

---

[2] It is unclear whether Sparre is making a due process argument that the Indiana Board's time limits did not give him a meaningful opportunity to be heard and to present his case. The Court declines, however, to develop a due process argument on Sparre's behalf when he has not clearly done so. <u>See</u> <u>Ciceu v. Knox Cnty. Assessor</u>, 232 N.E.3d 662, 665 (Ind. Tax Ct. 2024) (explaining that a pro se litigant is held to the same standard as a practicing attorney, and failure to develop cogent arguments results in the argument's waiver).

**Fourteenth Amendment – Equal Protection**

Finally, Sparre asserts that the assessment of his property is unconstitutional under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. (See Pet'r Br. at 4-5.) The Equal Protection Clause states:

> No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. CONST. amend. XIV, § 1 (emphases added). To maintain an equal protection claim, a petitioner must show that "persons who are in all relevant respects alike" have been treated differently without any rational basis. See Nordlinger v. Hahn, 505 U.S. 1, 10 (1992) (citation omitted). In other words, the challenged state action must only be "rationally related to a legitimate state interest" to satisfy equal protection. City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 440 (1985) (citations omitted). In the context of taxation, the Supreme Court has repeatedly stated that "[a] State may divide different kinds of property into classes and assign to each class a different tax burden so long as those divisions and burdens are reasonable." Allegheny Pittsburgh Coal Co. v. Cnty. Comm'n of Webster Cnty., W. Va., 488 U.S. 336, 344 (1989) (citation omitted). See also Nordlinger, 505 U.S. at 11.

Sparre appears to make two separate equal protection claims. First, Sparre claims that Indiana's property tax  is unconstitutional because only property owners, rather than all citizens, bear the cost of government services funded by property taxes. (See Pet'r Br. at 4-5.) Sparre contends

> that all property owners in this state are being abused and treated with iniquity; not equal protection of law, as required by the U.S. Constitution and as stated in the Declaration of

8

Independence; God created all men equal so man can create iniquity in the U.S.A., I think not! All persons who voted on the St. Joseph County referendum to add additional "tax" burden to property owners to pay is iniquity in law not equality, not equal protection of law. I ask the tax Court to strike down as null and void [the] property tax. I ask the court to burden the lawmakers to treat all citizens [with] equality. Everyone in Indiana should equally shoulder the cost of government. Wherever the dollars go to pay for what ever from property "tax" must be derived from all citizens that can vote[.] Not just from a select few.

(Pet'r Br. at 5.) That said, Sparre did not provide any evidence in support. He did not present evidence that property owners are similar in all relevant respects to non-property owners. He did not present evidence that a tax on property owners, excluding others, lacks a rational relationship to the legitimate interest of funding government services. Furthermore, he did not present evidence to show that taxing property owners to pay for government services enjoyed universally is an unreasonable division of tax burdens. Absent supporting evidence, Sparre's arguments, are just empty assertions, mere opinions that do not constitute probative evidence or meet his burden to prove unconstitutional disparate tax treatment. See Lake Cnty. Assessor v. U.S. Steel Corp., 901 N.E.2d 85, 94 (Ind. Tax Ct. 2009) (explaining that "a mere opinion or conclusion does not constitute probative evidence" (citation omitted)), review denied. Therefore, Sparre's equal protection claim fails on these grounds.

Sparre's second equal protection claim is that his property has been taxed at a different and higher amount per square foot than other similarly situated properties. Sparre explains that:

I, Mr. Sparre, using my house as the standard, made a comparative of all homes using finished square footage (living area) and lots by square footage- Net Assessed Value (NAV) by St Joseph County assessor for the three years in

9

question 2019,2020,2021, covering petitions 71-003-19-1-5-00805-21, 71-003-20-1-56-00806-21 and 71-003-21-1-5-00807-21. I provided the comparative for the three years. These are Ex1 on RECORD page 0045, Ex2 on RECORD page 0046, and Ex3 on RECORD page 0048. EX 2a and 3a are lot size an unchanged. On Ex 1,2,& 3 how much larger the homes are as a percentage than mine is in finished sq. ft.. Also shown is the tax in dollars per Sq. Ft.. My home is always taxed at the highest rate per Sq.ft.. Do note too, the largest property lots pay the least in tax per Sq.Ft.! No equal protection of law. At the very least all homes and properties should be "taxed" at the same rate- equally, no matter the location of the property.

(Pet'r Br. at 5.) Accordingly, Sparre argues that his property tax liability is "inequitable" based on a comparison of the tax liability per square foot of his property with several neighboring properties' tax liability per square foot.

In one set of calculations, Sparre divided the total assessed value of his home (land and all improvements) by the finished square footage, repeating this calculation for twelve neighboring properties. (See Cert. Admin. R. at 45-139.) Using his home as the benchmark, Sparre argued that Indiana's assessment system is inequitable because the discrepancies in assessed values per finished square foot – with his property showing the highest value despite being one of the smallest – indicate unequal assessments and potentially disproportionate tax liabilities. (See Pet'r Br.at 4-5.)

Although Sparre's evidence seems to show that his property was inequitably taxed compared to his neighbors' properties based on tax liability per square foot, this conclusion is not unexpected because Indiana does not tax property using square footage as the measure. Instead, a property's tax liability is based on the property's true tax value determined under Indiana's real property assessment guidelines, together with other factors such as local tax rates and applicable deductions, not on a property's

10

square footage. See, e.g., IND. CODE § 6-1.1-22-8.1 (2019) (amended 2020) (specifying what information is to be included on a taxpayer's annual property tax statement of liability); IND. CODE § 6-1.1-31-6 (2019) (establishing guidelines for the assessment of real property and clarifying that true tax value does not equate to fair market value). See also, e.g., 2011 REAL PROPERTY ASSESSMENT MANUAL ("2011 Manual") (incorporated by reference at 50 IND. ADMIN. CODE 2.4-1-2 (2011) (amended 2020)) at 2 and 2021 REAL PROPERTY ASSESSMENT MANUAL ("2021 Manual") (incorporated by reference at 50 IND. ADMIN. CODE (2020)) at 2 (setting market value-in-use as the standard for true tax value).[3]

The reliability of Sparre's square foot-based standard as the measure of disparate tax treatment is questionable, not only because it is merely his personal measure for comparing different assessments, but also because he did not provide legal authority to substantiate the measure's probative value. Even if the Court were to find that Sparre's square footage standard demonstrated disparate tax treatment, however, he did not provide evidence to show that there is no rational basis for taxing his property differently than his similarly situated neighbors. Consequently, the Court finds Sparre's equal protection claims concerning his property are unsupported by substantial and reliable evidence and are therefore unavailing.

**CONCLUSION**

Sparre's claims that the Indiana Board's procedures violated his rights under the First and Seventh Amendments to United States Constitution are contrary to law. His

---

[3] Real property assessed after February 28, 2011, was to be assessed using Indiana's 2011 real property assessment guidelines, whereas property assessed after December 31, 2020, was to be assessed according to the 2021 real property assessment guidelines. See 50 IND. ADMIN. CODE 2.4-1-1(b) (2011) (amended 2020).

Equal Protection claims that Indiana's property tax system, both generally and as applied to his property, are unavailing because they were unsupported by substantial and reliable evidence. Thus, the Court affirms the Indiana Board's final determination, leaving Sparre's 2019, 2020, and 2021 property assessments unchanged.[4]

---

[4] The Court appreciates the Indiana Board's detailed factual findings on the constitutional issues in this matter, which greatly facilitated the Court's review.