607 F.Supp. 251 (1984)
William JONES
v.
Captain James CLARK.
Civ. A. No. 82-2437.
United States District Court, E.D. Pennsylvania.
December 6, 1984.
*252 George S. Leone, Sarah W. Mitchell, Dechert, Price & Rhoads, Philadelphia, Pa., for plaintiff.
David M. Donaldson, Office of Atty. Gen., Philadelphia, Pa., for defendant.

MEMORANDUM OPINION AND ORDER
VanARTSDALEN, District Judge.
This action has been brought by a prisoner in a state prison for a deprivation of his constitutional rights. By memorandum and order dated January 3, 1983, I denied *253 defendant's motion for summary judgment. On July 3, 1984, the Supreme Court filed its opinion in Hudson v. Palmer, ___ U.S. ___, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). Because the facts and contended constitutional deprivations in Hudson v. Palmer appeared similar to those in the present case, by order dated July 18, 1984, I authorized either party to file a renewed motion for summary judgment. The defendant has filed such a motion, and appointed counsel for plaintiff has filed a reply brief.
In Hudson, the plaintiff had been convicted of a felony in state court and was serving a sentence of imprisonment in a state penal institution. The Supreme Court summarized the facts as follows:
On September 16, 1981, petitioner Hudson, an officer at the Correctional Center, with a fellow officer, conducted a "shakedown" search of respondent's prison locker and cell for contraband. During the "shakedown," the officers discovered a ripped pillowcase in a trashcan near respondent's cell bunk. Charges against Palmer were instituted under the prison disciplinary procedures for destroying state property. After a hearing, Palmer was found guilty on the charge and was ordered to reimburse the State for the cost of the material destroyed; in addition, a reprimand was entered on his prison record.
Palmer subsequently brought this pro se action in United States District Court under 42 U.S.C. § 1983. Respondent claimed that Hudson had conducted the shakedown search of his cell and had brought a false charge against him solely to harass him, and that, in violation of his Fourteenth Amendment right not to be deprived of property without due process of law, Hudson had intentionally destroyed certain of his noncontraband personal property during the September 16 search.
104 S.Ct. at 3197. The Supreme Court upheld the district court's summary judgment in favor of the defendant. The Court held that the fourth amendment proscription against unreasonable searches does not apply to searches of prison cells, id. at 3198-202, and that the intentional deprivation of a prisoner's property by a state employee did not violate the due process clause where there was an adequate post-deprivation state law remedy. Id. at 3202-05.
In the present case, the plaintiff is an inmate at the State Correctional Institution at Graterford, Pennsylvania (Graterford). Defendant is a captain of guards at Graterford and also was the chairman of the prison disciplinary hearing committee that heard charges against plaintiff. During an inspection of plaintiff's prison cell, a torn bed sheet owned by the state, was found stuffed in a window of the cell. As a result of this discovery, plaintiff was charged with a Class I misconduct for possession of contraband (the torn sheet) and destruction of state property. The defendant was found guilty of the charges, assessed $6.40 for the cost of the sheet, and given an official reprimand.
The parties are in dispute as to what transpired at the disciplinary hearing. Plaintiff, in his affidavit asserts:
[D]efendant Clark informed me that I had to pay for the mentioned bed sheet at a cost of $6.40. And I refused. Thereafter, defendant Clark threatened to freez [sic] my inmate account; and if I attempted to open my mouth and say anything else before the hearing was over I would be sent to R.H.U. (the hole). Then I was furthered [sic] threatened by Clark to sign a cash slips [sic] releasing $6.40 from my account to pay for the bed sheet or else be placed in the hole. It was not explained to me where this money would go.
Plaintiff in his complaint avers that, because of defendant's threats, he did sign papers placed before him authorizing that $6.40 be released from his prison account to pay the assessment.
The defendant has offered his own affidavit as well as affidavits of other members of the disciplinary hearing committee. Each states that plaintiff was afforded an opportunity to make a statement and *254 present a defense at the hearing but did not do so. They further assert that, upon being informed of the committee's decision, plaintiff refused to pay for the sheet and was told that the proper amount could be removed from plaintiff's account without his consent. Plaintiff allegedly then became unruly and was threatened with further disciplinary proceedings if he did not conduct himself in an acceptable manner. Captain Clark specifically denies threatening plaintiff.
In a section 1983 action, the initial inquiry must focus on whether two essential elements are present: "(1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981). It is well established that prison officials acting in their official capacities are acting under color of state law. Id. at 535-36, 101 S.Ct. at 1912-13. The first element of a section 1983 claim, therefore, is satisfied.
With respect to the second element, Jones claims that his right to due process has been violated. The fourteenth amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1.[1] In order to make out a valid due process claim, a plaintiff initially must establish three elements: (1) the existence of a protected life, liberty or property interest; (2) a deprivation of that protected interest; and (3) state action effecting the deprivation of the protected interest. See Parratt v. Taylor, 451 U.S. at 536-37, 101 S.Ct. at 1913-14.
In the present case, the state action requirement is clearly met. Defendant acted in his official capacity as a state prison employee in the alleged deprivations. Just as such action is under color of state law for purposes of section 1983 liability, it is state action for purposes of the due process clause. Id. at 536, 101 S.Ct. at 1913. See generally Rendell-Baker v. Kohn, 457 U.S. 830, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982); Lugar v. Edmunson Oil Co., 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982) (§ 1983 "under color of state law" is generally coextensive with 14th amendment "state action").
It is less clear precisely what protected interests are at stake. Clearly the plaintiff has a protected property interest in the $6.40 taken out of his prison account. The mere fact that the state mandates a disciplinary hearing before the money can be taken suggests a protected property interest. Cf. Hewitt v. Helms, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983) (under same Pennsylvania regulations, prisoners have protected liberty interest in remaining in the general prison population). The state does not contest that a valid property interest exists. Rather its defense is based on the adequacy of the process provided and of postdeprivation process.
Plaintiff alleges threats to place him in "the hole" if he refused to cooperate and authorize forfeiture of $6.40. Although transferring plaintiff to disciplinary or administrative segregation without due process would infringe upon a recognized liberty interest, see Hewitt v. Helms, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983), Jones, in fact, was never transferred to any such segregated cell. Thus, plaintiff was not deprived of any liberty interest.[2]
*255 The case boils down to a simple deprivation of property, $6.40, by a prison official. A protected property interest having been established, the issue becomes what process is due. See Logan v. Zimmerman Brush Co., 455 U.S. 422, 428, 102 S.Ct. 1148, 1153, 71 L.Ed.2d 265 (1982); Mathews v. Eldridge, 424 U.S. 319, 332-35, 96 S.Ct. 893, 901-03, 47 L.Ed.2d 18 (1976). In Hudson v. Palmer, ___ U.S. ___, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), the Supreme Court held that intentional deprivations of property by state employees did not deny due process as long as the state provided adequate postdeprivation remedies. At first look, Hudson appears to establish that there is no due process violation in the present case. Closer examination, however, reveals that the differences and not the similarities between this case and Hudson are dispositive of this summary judgment motion.
Hudson was decided upon the basis of the reasoning in Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). In Parratt v. Taylor, the Court held that negligent deprivation of property by a state employee did not violate due process as long as the state provided an adequate postdeprivation remedy. The Court reasoned:
In such a case, the loss is not a result of some established state procedure and the State cannot predict precisely when the loss will occur. It is difficult to conceive of how the State could provide a meaningful hearing before the deprivation takes place.... Indeed, in most cases it is not only impracticable, but impossible, to provide a meaningful hearing before the deprivation.
451 U.S. at 541, 101 S.Ct. at 1916. Because there is no way for the state to adequately protect against negligent deprivation of property, the Court held that due process was satisfied by providing a meaningful postdeprivation remedy.
In Hudson v. Palmer the rule of Parratt v. Taylor was expanded to encompass intentional deprivations of property. The Court found the reasoning of Parratt v. Taylor equally applicable to intentional deprivations.
The underlying rationale of Parratt is that when deprivations of property are effected through random and unauthorized conduct of a state employee, predeprivation procedures are simply "impracticable" since the state cannot know when such deprivations will occur. We can discern no logical distinction between negligent and intentional deprivations of property insofar as the "practicability" of affording predeprivation process is concerned. The State can no more anticipate and control in advance the random and unauthorized intentional conduct of its employees than it can anticipate similar negligent conduct. Arguably, intentional acts are even more difficult to anticipate because one bent on intentionally depriving a person of his property might well take affirmative steps to avoid signalling his intent.
If negligent deprivations of property do not violate the Due Process Clause because predeprivation process is impracticable, it follows that intentional deprivations do not violate that Clause provided, of course, that adequate state postdeprivation remedies are available. Accordingly, we hold that an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.
Hudson v. Palmer, 104 S.Ct. at 3203-04.
In Hudson a prison official had conducted a shakedown search of the prisoner's cell and had found a torn sheet. As in the present case, a disciplinary hearing was conducted and the prisoner was ordered to *256 reimburse the state for the cost of the sheet. Unlike the present case, there was no allegation in Hudson of a deficiency in the disciplinary proceedings. Rather the prisoner's due process claim was founded on the guard's alleged destruction of the prisoner's private property in his cell during the shakedown search. The guard's alleged destruction of the prisoner's property in his cell was the type of "random and unauthorized intentional conduct" that the state could not be expected to anticipate and prevent.
In the present case, the alleged deprivation was not by means of random and unauthorized intentional conduct. Instead, it occurred pursuant to an official prison disciplinary proceeding. Deprivations of property by means of unlawfully conducted state administrative proceedings do not fall under the rule of Parratt v. Taylor that an adequate postdeprivation remedy satisfies due process. The state cannot shirk responsibility for ensuring that its administrative proceedings satisfy due process.
In Logan v. Zimmerman Brush Co., 455 U.S. 422, 436, 102 S.Ct. 1148, 1158, 71 L.Ed.2d 265 (1982), the Supreme Court held that the rule of Parratt v. Taylor does not apply when a person is deprived of a property interest pursuant to "established state procedure." In that case, Logan was deprived of a claim for handicap discrimination by a state commission's failure to schedule a hearing within the time limit prescribed by law. The Illinois Supreme Court had held that his claim was barred despite his lack of fault in the hearing not being conducted. Logan, 455 U.S. at 427-28, 102 S.Ct. at 1153-54. The United States Supreme Court held that Logan had been deprived of his claim without due process of law and directed the state to consider his claim on its merits. The Court rejected defendant's argument that Logan should be limited to tort remedies against the state under the rule of Parratt v. Taylor. It held that "absent `the necessity of quick action by the State or the impracticability of providing any predeprivation process,' a postdeprivation hearing here would be constitutionally inadequate." Logan, 455 U.S. at 436, 102 S.Ct. at 1158 (quoting Parratt v. Taylor, 451 U.S. at 539, 101 S.Ct. at 1915).
In the present case the alleged deprivation without due process took place at the predeprivation hearing itself. Under such circumstances, it cannot be said that a predeprivation hearing would be impractical.
Having concluded that Parratt v. Taylor and Hudson v. Palmer do not establish that due process was satisfied, the issue remains: what process was due? Before a person can be deprived of a protected life, liberty or property interest, the state must provide at least some form of notice and an opportunity for hearing. Logan v. Zimmerman Brush Co., 455 U.S. at 428, 102 S.Ct. at 1153. The timing and nature of the hearing depends "on appropriate accommodation of the competing interests involved." Goss v. Lopez, 419 U.S. 565, 579, 95 S.Ct. 729, 739, 42 L.Ed.2d 725 (1975). The competing interests include "the importance of the private interest and the length or finality of the deprivation, ... the likelihood of governmental error, ... and the magnitude of the governmental interests involved." Logan, 455 U.S. at 434, 102 S.Ct. at 1157 (citations omitted).
The government has a substantial interest in maintaining prison discipline and should be afforded a great degree of discretion in managing prisons. See Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Despite this strong governmental interest, and despite the relatively insignificant property interest at stake, $6.40, it is clear that due process requires at least an opportunity to be heard. See Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).
In this case a crucial factual issue is in dispute precluding summary judgment: whether defendant's alleged threats deprived plaintiff of any opportunity whatsoever to be heard at his disciplinary hearing. A properly conducted prison *257 disciplinary hearing generally satisfies due process, and it is therefore inappropriate for a federal court to review its action. Pollard v. Baskerville, 481 F.Supp. 1157 (E.D.Va.1979), aff'd, 620 F.2d 294 (4th Cir. 1980); Jordan v. Robinson, 464 F.Supp. 223, 227 (W.D.Pa.1979). When such a disciplinary committee violates due process, however, section 1983 provides the aggrieved prisoner with a remedy in federal court. Quick v. Jones, 754 F.2d 1521 (9th Cir. 1985); United States ex rel. Smith v. Robinson, 495 F.Supp. 696 (E.D.Pa.1980). As the law stands, there is no requirement that a section 1983 plaintiff exhaust state remedies before bringing suit. Monroe v. Pape, 365 U.S. 167, 183, 81 S.Ct. 473, 482, 5 L.Ed.2d 492 (1961); see also Patsy v. Board of Regents, 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982).
Parratt v. Taylor and Hudson v. Palmer dictate a hands off approach to section 1983 prisoner complaints concerning deprivations of property, permitting postdeprivation remedies to satisfy due process as long as the state cannot be expected to anticipate and prevent random and unauthorized negligent and intentional deprivations of property. These decisions, however, must be reconciled with the Court's holdings that there is no requirement of exhaustion of state law claims before conduct can be characterized as "under color of state law" and thus serve as the basis for a section 1983 claim. Patsy v. Board of Regents, 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982); Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Parratt and Hudson also must be reconciled with the Court's repeated holdings that prisoners retain some constitutional rights, including the right to due process, e.g., Hewitt v. Helms, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983); Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).
An assessment of the issue presented in this case reveals that the reasoning of Logan v. Zimmerman Brush Co., 455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982), and of Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), is more pertinent than that of Parratt and Hudson. If the state deprives a person of property unlawfully in the process of the very hearing purporting to grant due process, the due process clause is violated. To suggest that a postdeprivation remedy is adequate protection is to deny the effect of section 1983 as an independent federally created remedy for violations of constitutional rights. Cf. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). To grant summary judgment for defendant would essentially be to hold that section 1983 does not provide a remedy for prisoners' rights not to be deprived of property without due process. Neither Parratt nor Hudson suggests any basis for such a holding.
Moreover, I am not satisfied that the plaintiff has an adequate state law postdeprivation remedy that could potentially satisfy due process. Plaintiff signed, albeit allegedly under duress, a release forfeiting his right to the $6.40 pursuant to a duly authorized proceeding before state officials. I am not at all certain that plaintiff could convince a state court under any circumstances to void the decision of the disciplinary committee. The defendant has cited no authority for a state court directly to review the action of the disciplinary committee. Cf. Cohen v. City of Philadelphia, 736 F.2d 81 (3d Cir.1984). This is not a case in which the plaintiff simply seeks review of a decision with which he is unhappy. Cf. Jordan v. Robinson, 464 F.Supp. 223 (W.D.Pa.1979). The plaintiff's allegations, if true, could establish that he was given no opportunity at all to present a defense.
Substantial issues of fact remain, precluding entry of summary judgment. Defendant's motion for summary judgment will be denied.
NOTES
[1] This case does not present any violation of specifically protected constitutional rights incorporated into the fourteenth amendment, such as the eighth amendment protection against cruel and unusual punishment. Rather, it presents a simple alleged violation of the due process clause itself: a deprivation of life, liberty or property without due process of law. See generally Parratt v. Taylor, 451 U.S. at 536, 101 S.Ct. at 1913.
[2] Neither side has briefed the issue whether the reprimand entered against Jones deprives him of a protected liberty interest. Cf. Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) (prisoners have protected liberty interest in retaining "good time credits"). The plaintiff in Hudson v. Palmer, like Jones, received a reprimand and the Supreme Court did not even mention it as a possible liberty interest in affirming the district court's award of summary judgment for the defendant. 104 S.Ct. at 3196.