**Gerald F. RULEY, Plaintiff,**

v.

**NEVADA BOARD OF PRISON COMMISSIONERS, et al., Defendants.**

**No. CV–R–85–154–ECR.**

United States District Court, D. Nevada.

Feb. 4, 1986.

6. *Sambolin v. Klein Sales Co.*, 422 F.Supp. 625, 628 (S.D.N.Y.1976).

Gerald F. Ruley, pro se.

Norman John Crew, Inmate Lay Asst., Carson City, Nev., for plaintiff.

Brian McKay, Atty. Gen. by Arthur G. Noxon, Deputy Atty. Gen., Carson City, Nev., for defendants.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., District Judge.

Disciplinary charges were filed against Plaintiff, an inmate at the Nevada State Prison, for allegedly assaulting another inmate. A disciplinary committee consisting of three Prison employees found Plaintiff guilty after a hearing. They then assessed him some $3,000 as restitution for the medical expenses incurred by the State as a result of the assault. Plaintiff's Inmate Trust Fund account subsequently was frozen.

This is a civil rights action, pursuant to 42 U.S.C. § 1983, whereby Plaintiff seeks a declaratory judgment establishing the unconstitutionality of the enabling legislation (NRS § 209.246) and the regulation (Nevada Dept. of Prisons Procedure No. 307) under which the $3,000 restitution was ordered. He also seeks to enjoin enforcement of said statute and regulation, as well as money damages and the unfreezing of his Inmate Trust Fund Account.

The defendants have responded to the complaint with a motion to dismiss for lack of subject matter jurisdiction and failure of the complaint to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(1) and (6). That motion is the matter now before the Court.

The defendants' contention that the Nevada Board of Prison Commissioners is entitled to dismissal because of sovereign immunity is not disputed by Plaintiff. The Board is an agency of the State. An action for any type of relief against a state agency is proscribed by the Eleventh Amendment. *Almond Hill School v. U.S. Dept. of Agriculture,* 768 F.2d 1030, 1034–35 (9th Cir.1985).

The individual defendants have been sued both individually and in their official capacities. No judgments for damages may be awarded against them in their official capacities, but injunctive and declaratory relief may be granted. *Id.* at 1034. They do not enjoy sovereign immunity as individuals, therefore damages could be recovered from them.

In Plaintiff's complaint, he alleges that he was deprived of his property in violation of the due process and equal protection clauses of the U.S. Constitution after a hearing conducted by a Prison disciplinary committee. The defendants argue that the hearing, after due notice, provided Plaintiff with all the due process to which he was entitled. However, Plaintiff has asserted that he did not receive due process because: (1) The Prison regulation under which he was ordered to make restitution goes beyond the enabling legislation pursuant to which it was promulgated; (2) witnesses against him at the hearing were not put under oath before testifying; (3) he was denied his right to a jury trial; (4) the members of the disciplinary committee were not impartial and possessed of sufficient knowledge of legal matters, because they were Prison counselors and officers; and (5) the available appellate procedure was inadequate because the State of Nevada is a real party in interest and any appeal had to be made to an official of the State.

Although a properly conducted prison disciplinary hearing generally satisfies due process, deprivation of property by means of an unlawfully conducted hearing can be violative of due process, for which § 1983 provides a remedy in federal court. *Jones v. Clark,* 607 F.Supp. 251, 256–57 (E.D.Pa.1984). There is no requirement that state remedies be exhausted before

the bringing of suit. *Id.* at 257. Thus, the complaint must be examined to determine whether it is possible that Plaintiff could prove facts that would entitle him to any of the relief he seeks. *Kinney v. Intern. Broth. of Elec. Workers,* 669 F.2d 1222, 1230 (9th Cir.1981). If it is possible, then the defendants' motion to dismiss should be denied.

The regulation pursuant to which the disciplinary committee ordered Plaintiff to make restitution to the State for the medical expenses it had incurred is Nevada Department of Prisons Procedure No. 307. Subsection (1) authorizes a hold being placed upon an inmate's account with the Inmate Trust Fund for the restoration of damages resulting from the inmate's actions. Subsection (3) states, in pertinent part: "This procedure refers to restitution resulting from an inmate's actions for ... medical costs for injuries to others...." Procedure No. 307, as applied against Plaintiff, was promulgated February 24, 1981. At the time, NRS § 209.246, which was the enabling legislation, read in full as follows:

"The board (Board of State Prison Commissioners) shall establish by regulation criteria for a reasonable deduction from money credited to the account of an offender who has willfully damaged or destroyed state property during his incarceration, on account of the harm done."

It is apparent that Procedure No. 307's provisions for restitution of medical costs went beyond the "damaged or destroyed state property" wording of NRS § 209.246. However, on April 8, 1983, the Nevada Legislature amended the statute to read:

"The board shall establish by regulation criteria for a reasonable deduction from money credited to the account of an offender to repay the cost of:

. . . . .

2. Medical treatment for injuries inflicted by the offender upon himself or others...."

An administrative agency that administers a statute does not have the power to make law; rather, its authority is to adopt regulations to carry into effect the will of the legislature as expressed by the statute. *Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 213–14, 96 S.Ct. 1375, 1390–91, 47 L.Ed.2d 668 (1976). It follows that the agency may not make a rule or regulation that is out of harmony with or goes beyond the scope of its statutory grant of authority. *Cashman Photo Con. & Labs, Inc. v. Nevada Gam. Com'n,* 91 Nev. 424, 538 P.2d 158, 160 (1975); *Ruiz v. Morton,* 462 F.2d 818, 822 (9th Cir.1972).

Procedure No. 307 went beyond the Board's authority when it was promulgated on February 24, 1981. However, the Nevada Legislature, in effect, ratified No. 307 by the amendment it made to the enabling statute in 1983. Further, it is important to note that at the time No. 307 was invoked against Plaintiff, that is in February 1984, it was in harmony with and within the scope of NRS § 209.246. In such a case a litigant has not been hurt by the earlier defect and has no standing to complain about it. *See Piuma v. United States,* 126 F.2d 601, 603–04 (9th Cir.1942). The disciplinary committee was required to apply the law in effect at the time it rendered its decision. *See Bradley v. Richmond School Board,* 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974).

Plaintiff asserts that witnesses at a prison disciplinary hearing are not put under oath. He contends that this violates due process. The general rule is that a witness must be sworn to tell the truth before he is allowed to give testimony. 98 C.J.S. Witnesses § 320a. Nevada has codified this requirement in NRS § 50.035. Therefore, if for the purposes of the present motion it is assumed that witnesses against Plaintiff testified without first being placed under oath, the State's law of evidence was breached. However, such a wrong is not violative of the United States Constitution. 98 C.J.S. Witnesses § 320e; *see also Barker v. Morris,* 761 F.2d 1396, 1400 (9th Cir.1985). Since 42 U.S.C. § 1983, under which this action has been

brought, requires deprivation of a right secured by federal law, the violation of the State law concerning the swearing in of witnesses does not state a claim that will serve as the basis for this Court's subject matter jurisdiction.

 Much the same problem is faced by Plaintiff in connection with his claim that he was wrongfully deprived of his right to a jury trial as to restitution of the medical costs incurred by the State. The right of trial by jury in civil cases is guaranteed by Art. 1, § 3 of the Nevada Constitution. *State of Nevada v. McClear,* 11 Nev. 39, 64 (1876). However, a federal court may not instruct a state official to conform his conduct to state law. *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 106, 104 S.Ct. 900, 911, 79 L.Ed.2d 67 (1984).

 The Seventh Amendment to the U.S. Constitution also guarantees the right of trial by jury in civil cases. It applies, though, only to proceedings in federal courts; it is not applicable to state proceedings. *Minn. & St. Louis R.R. v. Bombolis,* 241 U.S. 211, 217, 36 S.Ct. 595, 596, 60 L.Ed. 961 (1916); *Woods v. Holy Cross Hospital,* 591 F.2d 1164, 1171 n. 12 (5th Cir.1979). Therefore, a refusal of a jury trial in state proceedings is not a denial of either due process or equal protection. *Letendre v. Fugate,* 701 F.2d 1093, 1094 (4th Cir.1983); *see also Olesen v. Trust Co. of Chicago,* 245 F.2d 522, 524 (7th Cir.1957). The upshot is that a denial of the right to trial by jury in a state proceeding will not serve as the basis for a § 1983 civil rights action in federal court. The foregoing discussion in no way determines that Plaintiff was entitled to a jury in the State proceedings. In fact, the usual rule is that there is no right to jury trial when restitution is the remedy sought. 5 Moore's Fed.Pac. § 38.-24[3], at p. 38–196; *Securities & Exch. Com'n v. Com. Chemical, etc.,* 574 F.2d 90, 95 (2nd Cir.1978).

 Plaintiff's contentions that neither the members of the disciplinary committee nor the person to whom any appeal would be directed (the Director of the Nevada Department of Prisons) under Procedure No. 307 are impartial can be considered together. To start, it seems clear that he has a protected property interest in the funds in his Inmate Trust Fund account. *Quick v. Jones,* 754 F.2d 1521, 1523 (9th Cir.1985); *Jones v. Clark,* 607 F.Supp. 251, 254 (E.D.Pa.1984). Consequently, he may not be deprived of those funds without due process. *Id.* at 257; *Wolff v. McDonnell,* 418 U.S. 539, 556, 94 S.Ct. 2963, 2974–75, 41 L.Ed.2d 935 (1974). Nevertheless, *Wolff* also teaches, at p. 556, 94 S.Ct. at p. 2974–75 that prison disciplinary proceedings are not part of a criminal prosecution, so that the full panoply of rights afforded a criminal defendant need not be provided in a disciplinary proceeding. A judicial style evidentiary hearing is not required; what must be furnished is notice of the case and a meaningful opportunity to meet it. *Mathews v. Eldridge,* 424 U.S. 319, 348–49, 96 S.Ct. 893, 909–10, 47 L.Ed.2d 18 (1976); *Jordan v. City of Lake Oswego,* 734 F.2d 1374, 1376 (9th Cir.1984). Where restitution is being sought, due process is afforded by providing a defendant an adequate opportunity to present his objections. *United States v. Keith,* 754 F.2d 1388, 1392 (9th Cir.1985); *see also Jordan v. Robinson,* 464 F.Supp. 223, 227 (W.D.Pa.1979). There is no indication in the pleadings before the Court that Plaintiff was not provided a meaningful opportunity to refute the case against him. The fact that the disciplinary committee was not a judicial tribunal does not make it unimpartial. *Price v. City of Junction, Tex.,* 711 F.2d 582, 589 n. 5 (5th Cir.1983). Likewise, in a prison setting it is not required that the decisionmakers come from outside the prison. *Vitek v. Jones,* 445 U.S. 480, 496, 100 S.Ct. 1254, 1265, 63 L.Ed.2d 552 (1980); *Doe v. Gallinot,* 657 F.2d 1017, 1024 (9th Cir.1981). "There is no constitutional requirement that the decisionmaker be an uninvolved person when a property interest protected by due process is at stake." *Jordan v. City of Lake Oswego, supra* at 734 F.2d 1376 n. 1. A substantial showing of bias must be made to disqualify a hearing officer in an adminis-

trative proceeding or to justify a ruling that a hearing was unfair. *Converse v. Udall,* 262 F.Supp. 583, 590 (D.Ore.1966), *aff'd* 399 F.2d 616 (9th Cir.1968). The pleadings herein do not raise such an issue.

From the above, the Court concludes that Plaintiff's complaint does not state a claim upon which relief can be granted in this Court. Therefore, the defendants are entitled to have granted their motion to dismiss. Since it is not absolutely clear that the deficiencies of the complaint could not be cured by amendment, however, Plaintiff should be afforded an opportunity to amend.

IT IS, THEREFORE, HEREBY ORDERED that Plaintiff's complaint be, and the same hereby is, DISMISSED, but without prejudice to the right of Plaintiff, within 45 days of the date of this Order, to move for leave to amend his complaint.