**Charles Davis BURRELL, Plaintiff,**

v.

**Mark R. DAVIS, et al., Defendants.**

**Civ. A. No. 3:91CV00479.**

United States District Court,
E.D. Virginia,
Richmond Division.

Dec. 18, 1991.

Charles Davis Burrell, pro se.

George W. Chabalewski, Mary Sue Terry, Gail Starling Marshall, Office of the Atty. Gen., Richmond, Va., for defendants.

MEMORANDUM OPINION

RICHARD L. WILLIAMS, District Judge.

This matter is before the Court on the defendants' motion to dismiss or, in the alternative, for summary judgment, pursuant to Rules 12(b) and 56(b), Federal Rules of Civil Procedure. For the reasons discussed below, the defendants' motion to dismiss will be GRANTED and the case will be DISMISSED WITH PREJUDICE.

FACTUAL BACKGROUND

The origins of this case date back to a suit originally filed in this Court in 1983. In that case, the plaintiff, Charles Burrell, sued the state for his allegedly wrongful termination as a corrections officer. The parties eventually entered into a settlement agreement whereby Burrell was allowed to bring his claim under the State Employees' Grievance Procedure. In return, Burrell's federal lawsuit was dismissed with prejudice. Burrell's claim was submitted to a grievance panel, which found that he had been wrongly terminated. The panel, in turn, ordered that he be reinstated with back pay.

The Department of Corrections reinstated Burrell and awarded him back pay based on his base salary; there was no inclusion of pay for overtime. Burrell objected on the ground that he had a right to overtime. However, rather than following the appeal process provided for in the Grievance Procedure,[1] Burrell filed suit in Richmond Circuit Court alleging that his termination breached an expressed and implied contract and prevented him from working overtime that he would otherwise have worked. On motion of the defendants, the Circuit Court dismissed the case on the ground that it was barred by the settlement agreement. Mr. Burrell then appealed the case to the Virginia Supreme Court. The Virginia Supreme Court reversed and remanded the case for a determination of whether "back pay" included overtime.

1. See Va.Code Ann. § 2.1–114.5:1(F).

On remand, Burrell renewed his demand for a jury trial on his contract damages. The Circuit Court, before hearing further argument or evidence on the overtime issue, requested the Commonwealth to attempt to reconvene the original grievance panel so that it could consider and determine the intent of its prior decision. The Circuit Court also held that it would thereafter hear any party's contention that the panel's decision had not been correctly implemented.

The panel determined that it had been its intent to award Burrell compensation based only on his base salary. Further, based on its review of new evidence, the panel determined that there had been no mandatory overtime policy in effect at the State Penitentiary during the period of Burrell's discharge and that many officers had worked little or no overtime during this time. This decision was reviewed by the Commonwealth's Director of Personnel and Training, who determined that it was consistent with the laws and policies of Virginia.

Burrell brought the case back before the Circuit Court. Again, however, rather than exercising his rights under Section 2.1–114.5:1(F) (the Grievance Procedures), he reasserted the claim that he was entitled to a jury trial. Further, he requested the court to enter a final order so that he could file an appeal with the Virginia Supreme Court challenging the referral of the backpay issue to the grievance panel. A final order was entered and plaintiff appealed. The Virginia Supreme Court, after review of the claims made, declined to hear the appeal.[2]

In the instant case, Burrell has brought suit against Mark Davis, one of the Commonwealth's attorneys in the state court proceedings, and the Honorable Robert Harris, the Circuit Judge who presided over the case. He claims that he was denied the right to trial by jury when his case was referred to a grievance panel that the defendants knew was predisposed against him.

DISCUSSION

The plaintiff's case is without merit. His single page complaint contains only the bare legal conclusion that he was denied his right to a jury trial under the United States Constitution when the Circuit Court "changed" his case from one at law to one of an "administrative nature." In two subsequent filings, the plaintiff recharacterizes his claim in various ways. In his Response to the Motion to Dismiss, he adds the claim that the defendants conspired "because of the plaintiff's color and ethnic background, to deny plaintiff the guaranteed right to a jury trial...." Plaintiff's Response at 2. Additionally, he asserts that his claims arise under Title 42, United States Code, Sections 1981, 1983, and 1985(3). Finally, in an untimely, additional filing ("Plaintiff's Memorandum of Law on Procedural Posture") the plaintiff recasts his complaint as a violation of due process.

Regardless of how the claim is characterized, however, it fails to state a claim upon which relief can be granted. The plaintiff's claim is, at base an assertion that he was deprived of his right to a jury trial. The claim, however, fails on the basic premise that there is no right, under the United States Constitution, to a jury in a state civil matter.[3] *See, e.g., Letendre v. Fugate,* 701 F.2d 1093, 1094 (4th Cir.), *cert. denied,* 464 U.S. 837, 104 S.Ct. 125, 78 L.Ed.2d 122 (1983) ("The Seventh Amendment's right to trial by jury in the federal courts has not been extended to the States through the Fourteenth Amendment. Therefore, a de-

---

**2.** The Order from the Virginia Supreme Court states: "Upon review of the record in this case and consideration of the argument submitted in support of and in opposition to the granting of an appeal, the Court is of opinion there is no reversible error in the judgment complained of. Accordingly, the Court refuses the petition for appeal. Exhibit E, Defendants' Motion to Dismiss.

**3.** This is assuming, *arguendo,* that the plaintiff had a "common law" claim. It has always been his contention that he was bringing a contract claim. In reality, however, the case appears to have been treated not as a contract claim but as a review of the Board of Corrections interpretation of the panel's decision; i.e., what was meant by the term "back pay." As such, it would appear to be a matter of administrative law.

nial of a jury trial in a state proceeding does not violate the due process clause. In view of these cases, we think the argument that the equal protection clause requires a jury trial in state court proceedings is also without merit." (citation omitted)); *Ruley v. Nevada Board of Prison Commissioners*, 628 F.Supp. 108, 112 (D.Nev.1986) ("[A] refusal of a jury trial in state proceedings is not a denial of either due process or equal protection. The upshot is that a denial of the right to trial by jury in a state proceeding will not serve as the basis for a § 1983 civil rights action in federal court." (citation omitted)).

The plaintiff also claims that the defendants conspired to deny him the right to enforce the contract on account of race. Because of the conclusory nature of complaint, it is unclear exactly what the plaintiff claims the defendants did to deny him the right to enforce the contract. There are only two possibilities, however. The claim is based either on the denial of jury trial or the claim that they intentionally sent the case to the panel because they knew it was hopelessly prejudiced against him. As discussed, even if the plaintiff's case were construed as an action at common law, the guarantees of the seventh amendment do not extend to state civil trials. Moreover, the complaint fails to allege *any* facts to support the plaintiff's conclusion that there was a conspiracy or racial animus. The mere assertion that there was a conspiracy is not sufficient. *See, e.g., Crabtree v. Muchmore*, 904 F.2d 1475, 1481 (10th Cir.1990) ("pleadings must specifically present facts tending to show agreement and concerted action"); *Ostrer v. Aronwald*, 567 F.2d 551, 553 (2d Cir. 1977).

The two pieces of "correspondence" attached as exhibits to the plaintiff's Response to the Motion to Dismiss do nothing to change this conclusion. Both of these appear to be internal documents or memos from the judge's staff to the judge. There is nothing in this correspondence from which a court or jury could infer an agreement or concerted action, yet alone an agreement to discriminate against the plaintiff on account of his race.

The final recasting of the plaintiff's complaint is as a violation of due process. Again, as previously stated, there is no due process violation in a state failing to provide a jury for a claim at common law. *Letendre v. Fugate*, 701 F.2d 1093, 1094 (4th Cir.), *cert. denied*, 464 U.S. 837, 104 S.Ct. 125, 78 L.Ed.2d 122 (1983). Further, there was no violation of the due process clause in referring the issue of the panel's intent to the panel. If Burrell was dissatisfied either with the decision to refer the issue or with the make-up of the panel, mechanisms existed for appealing the court's decision. And in fact, Burrell availed himself of those procedural safeguards. The content of the panel's decision was reviewed, or reviewable by, the Commonwealth's Director of Personnel and Training, the Circuit Court, and the Virginia Supreme Court. Further, the Circuit Court's decision to refer the issue was reviewed by the Virginia Supreme Court, which denied the petition for appeal because "there [was] no reversible error in the judgment complained of." Exhibit E, Defendant's Motion to Dismiss.

Burrell's true complaint is not with the procedures that exist in Virginia to safeguard contract claims or the decisional process of administrative bodies. He is ultimately complaining that he did not get everything he wanted out of the settlement of his 1983 federal case for wrongful termination. That case, however, has long been settled, and the plaintiff can not now revive it by trying to recast it as a violation of his constitutional rights.