

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

June 8, 2005

Mr. Terry Julian
Executive Director
Texas Commission on Jail Standards
Post Office Box 12985
Austin, Texas 78711

Opinion No. GA-0329

Re: A sheriff's authority to deduct costs incurred for damage to jail property from the commissary account of a prisoner found to be liable for the damage (RQ-0300-GA)

Dear Mr. Julian:

On behalf of the Texas Commission on Jail Standards (the "Commission"), you ask about a sheriff's authority to deduct costs incurred for damage to jail property from the commissary account of a prisoner[1] found to be liable for the damage.[2]

Many county jails maintain in the name of jail prisoners "commissary accounts"[3] that prisoners draw on to purchase items from a jail commissary, which may be established under Local Government Code section 351.0415, *see* TEX. LOC. GOV'T CODE ANN. § 351.0415(a) (Vernon Supp. 2004-05) (commissary operation by sheriff). Statutory law refers to these accounts as "trust accounts." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.006(e) (Vernon 2002) (permitting a jail, on the authority of a court order, to withdraw funds from a prisoner's "trust account" to pay court

---

[1]"'Prisoner' means a person confined in a county jail." TEX. GOV'T CODE ANN. § 511.001(7) (Vernon 2004) (defining terms for the Commission on Jail Standards). By contrast, "inmate" is defined to mean "a person arrested for, charged with, or convicted of a criminal offense of this state or another state of the United States and confined in a county jail, a municipal jail, or a correctional facility operated by a county, a municipality, or a private vendor." *Id.* § 511.001(6). In the request letter you refer to county jail "inmates," *see* Request Letter, *infra* note 2, who by definition are prisoners. Thus, we use the term prisoner in this opinion. *But see* Act of May 29, 2005, 79th Leg., R.S., H.B. 2120, § 31 (to be codified at TEX. LOC. GOV'T CODE ANN. § 351.0415) (amending section 351.0415 by replacing the term "prisoners" with "inmates") (pending final action by the Governor).

[2]*See* Letter from Mr. Terry Julian, Executive Director, Texas Commission on Jail Standards, to Honorable Greg Abbott, Texas Attorney General (Dec. 10, 2004) (on file with Opinion Committee, *also available at* http://www.oag .state.tx.us) [hereinafter Request Letter].

[3]*See, e.g., Molina v. State*, 998 S.W.2d 302, 303 (Tex. App.–El Paso 1999, no pet.) (from an appeal of the setting of an appeal bond, court noted that appellant prisoner had the limited assets of ten dollars deposited in his "*commissary account* at the Ward County Jail") (emphasis added); *Lee v. State*, No. 01-96-00498-CR, 1999 WL 164446, at *1 (Tex. App.–Houston [1st Dist.] March 25, 1999, pet. ref'd) (not designated for publication) (court record on appeal indicated that a prisoner attempted "to set up a drug deal . . . [to] get some money for her jail *commissary account*") (emphasis added).

costs). This office has explained that these trust accounts are in some respects similar to bank accounts and that "officials with the duty to operate a county jail impliedly contract with the inmates that the jail will repay the unused balance of their accounts on their release." *See* Tex. Att'y Gen. Op. No. JM-398 (1985) at 3. The Commission has promulgated rules that require the sheriff or operator of a jail to maintain records of, among other things, receipts and expenditures of prisoner trust accounts. *See* 37 TEX. ADMIN. CODE § 269.1(L) (2005) (Public Safety and Corrections).

Prisoner accounts, however, are not intended as substitutes for savings accounts at a financial institution. *See Hatfield v. Scott*, 306 F.3d 223, 224 (5th Cir. 2002). Rather, they are intended to facilitate an inmate's financial transactions in a penal setting, typically purchases of incidental items from the institution's commissary. *See id.* And while the law respects a prisoner's property interest in that prisoner's trust account, *see Brewer v. Collins*, 857 S.W.2d 819, 823 (Tex. App.–Houston [1st Dist.] 1993, no writ), restrictions and limitations on that property interest are proper, *see Mahers v. Halford*, 76 F.3d 951, 954 (8th Cir. 1996).

You inform us that the Commission has received inquiries from jails regarding their authority to discipline a prisoner who causes damage to jail property by withdrawing funds from the prisoner's commissary account after a due process hearing establishing the prisoner's liability. *See* Request Letter, *supra* note 2. Such procedures have been recognized generally as a constitutional exercise of a penal institution's disciplinary authority, provided a prisoner is afforded the process due in a penal setting. *See, e.g., Campbell v. Miller*, 787 F.2d 217, 223-25 (7th Cir.), *cert. denied*, 479 U.S. 1019 (1986);[4] *Ruley v. Nev. Bd. of Comm'rs*, 628 F. Supp. 108, 112 (D. Nev. 1986); *Jones v. Clark*, 607 F. Supp. 251, 254 (E.D. Pa. 1984). In fact, the Texas Legislature has prescribed a method by which the Texas Department of Criminal Justice, the administrative agency for state prisons, may withdraw funds from an inmate's trust account in a manner analogous to the practice advocated here by county jails. *See* TEX. GOV'T CODE ANN. § 500.002 (Vernon 2004); *see also Covarrubias v. Tex. Dep't of Criminal Justice*, 52 S.W.3d 318, 325 (Tex. App.–Corpus Christi 2001, no pet.) (holding that section 500.002 satisfies constitutional due process concerns). Nevertheless, the Commission has responded to the counties' inquiries that only Local Government Code section 351.0415 specifically addresses a sheriff's duties with respect to commissary accounts and that provision neither expressly nor impliedly authorizes a sheriff to take such action. *See* Request Letter, *supra* note 2.

Section 351.0415, however, addresses only commissary operations and not prisoner trust accounts. It provides that the "sheriff of a county may operate, or contract with another person to operate, a commissary for the use of the prisoners committed to the county jail." TEX. LOC. GOV'T

---

[4]The *Campbell* court explained the propriety of this disciplinary action:

> It is truly too much to require correctional officials to seek a criminal restitution order or a civil tort judgment before they may restrict an inmate's use of his commissary account until he makes good the damage he caused to prison property. Such a requirement would delay implementation of, and hence, impair the efficacy of prison disciplinary measures.

*Campbell*, 787 F.2d at 224.

CODE ANN. § 351.0415(a) (Vernon Supp. 2004-05). The sheriff has the exclusive control of commissary funds and is required to "maintain *commissary accounts* showing the amount of proceeds from the commissary operation and the amount and purpose of disbursements made from the proceeds." *Id.* § 351.0415(b) (emphasis added). And the sheriff is permitted to use commissary proceeds to run the commissary and also to purchase and fund various things for the prisoners' benefit. *See id.* § 351.0415(c). But the sheriff's authority to manage commissary proceeds is not relevant to the sheriff's authority to deduct money from prisoner commissary accounts. Consequently, we must look to other law to answer your question.

In this respect, we return to some basic principles and note that the "legislature is not required to set forth in detail every specific power" an officer has to perform the officer's functions. *See Fort Bend County Wrecker Ass'n v. Wright*, 39 S.W.3d 421, 425 (Tex. App.–Houston [1st District] 2001, no pet.) (citation omitted). "When a grant of power is given by a statute, the statute must be construed to include the reasonable authority necessary to attain the end result." *Id.* (citation omitted). Thus, a sheriff may make reasonable rules to aid in executing the power and authority given that office, even if it is not expressly delineated by statute. *See id.* To that end, "[s]heriffs have the 'authority to define objectives and choose the means of achieving them'" *Id.* at 426 (citation omitted).

Here, the "sheriff of each county is the keeper of the county jail" and "shall . . . exercise supervision and control over" it. TEX. LOC. GOV'T CODE ANN. § 351.041 (Vernon 1991). This office has construed section 351.041 to give a county sheriff "the discretion to make any reasonable rules relative to supervision of prisoners and the operation of the jail." Tex. Att'y Gen. Op. No. JM-1098 (1989) at 3. This discretion is broad, and the extent of it is limited only by the laws of the land and, specifically, Local Government Code section 351.002, which requires each county jail to comply with the minimum standards, rules, and procedures established by the Commission, *see* TEX. LOC. GOV'T CODE ANN. § 351.002 (Vernon 1999); *see also* TEX. GOV'T CODE ANN. § 511.009(a)(2) (Vernon 2004) (requiring the Commission to "adopt reasonable rules and procedures establishing minimum standards for the custody, care, and treatment of prisoners"). Thus, a sheriff would have the authority to establish rules and procedures for withdrawing money from a prisoner's commissary account so long as such rules and procedures are necessarily implied from the powers granted the sheriff and do not conflict with United States or Texas constitutional protections or Commission rules.

In this admonition, we find nothing that would bar a sheriff from withdrawing funds from a prisoner's commissary account for actual damages the prisoner causes while incarcerated after an institutional due process hearing establishing the prisoner's liability. Indeed, as keeper of the county jail the sheriff is incontrovertibly charged with preserving internal order and discipline and maintaining institutional security. And given that the courts consider these restitution hearings to be disciplinary actions that do not defy constitutional principles, *see supra,* p. 2, then it follows that the sheriff necessarily has the discretion to adopt such a disciplinary policy to carry out the duties of that office unless and until the Commission preempts this inherent disciplinary power with a rule that governs or prohibits such procedures, *see* TEX. LOC. GOV'T CODE ANN. § 351.002 (Vernon 1999).

But we temper this conclusion by noting that the Commission has prescribed rules and procedures for meting out prisoner discipline. *See* 37 TEX. ADMIN. CODE § 283.1 (2005) (Public Safety and Corrections) (Inmate Discipline Plan). Commission rule, section 283.1 requires a sheriff to "develop and implement a written disciplinary plan, approved by the Commission, governing inmate conduct." *Id.* This disciplinary plan must outline the offenses that constitute major and minor infractions and possible sanctions for such infractions, and the plan must accompany all the institution's rules and regulations, which must be made available to prisoners. *See id.* § 283.2. The county jail must receive and retain written acknowledgment from each prisoner that the rules have been explained to him. *See id.* And in all disciplinary cases county jails must adhere to the Commission's disciplinary due process requirements, which provide for, among other things, a prisoner's right to a hearing before an impartial board or officer, notice of the charges, and an appeals process. *See id.* § 283.1(3).

Commission rules, furthermore, outline permissible sanctions for "minor infractions," or violations of rules and regulations that do not represent serious offenses against persons and do not pose a serious threat to institutional order and safety. *Id.* § 283.1(1). The rule limits sanctions for these minor infractions to certain actions like ordering counseling or verbal and written reprimands; it does not include the sanction of ordering restitution. *See id.* By contrast, the Commission rule is more deferential to a sheriff for creating sanctions addressing "major infractions," or violations of rules and regulations that constitute serious offenses against persons and property and pose a serious threat to institutional order and safety. *Id.* § 283.1(2). Sanctions for major infractions may include but are not limited to loss of good time credit, loss of privileges, removal from work details or programs, and disciplinary separation. *See id.* Permissible sanctions for major infractions are, however, limited by the Commission, which has prohibited certain sanctions like corporal punishment or use of a violent cell. *See id.* § 283.1(4). But ordering restitution to be withdrawn from a prisoner's commissary account is not prohibited. *See id.*

We note this because, although the sheriff necessarily has the authority to deduct costs incurred for damage to jail property from the commissary account of a prisoner found to be liable for the damage as a means of maintaining order and discipline, the Commission's rules have expressly provided for the procedures by which a sheriff may create that disciplinary rule and how that rule must operate. Thus, we conclude that a sheriff must first have a Commission-approved written plan that provides for this method of discipline before utilizing it.

## S U M M A R Y

A sheriff has the authority to deduct costs incurred for damage to jail property from the commissary account of a prisoner that is found liable for the damage in an institutional due process hearing. However, the sheriff must first comply with the Texas Commission on Jail Standard's rules on disciplinary proceedings before taking such action.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Daniel C. Bradford
Assistant Attorney General, Opinion Committee